**Roberta SALVADOR,**
**Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN,\* Secretary of**
**Health and Human Services,**
**Defendant–Appellee.**

No. 88–15587.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1990.

Decided Oct. 22, 1990.

---

\* Louis W. Sullivan, M.D., is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services.

14

Candace C. Davenport, San Rafael, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before WIGGINS, THOMPSON and TROTT, Circuit Judges.

WIGGINS, Circuit Judge:

Roberta Salvador appeals the district court's grant of summary judgment to the Secretary of Health and Human Services in her action for Supplemental Security income. She contends that the Secretary's decision that she is not disabled is based on several legal errors and is unsupported by substantial evidence. We have jurisdiction under 42 U.S.C. § 405(g) (1982). We reverse and remand.

## STANDARD OF REVIEW

■ This court reviews an ALJ's denial of disability benefits to see if the decision rests on substantial evidence and the proper application of the correct legal standards. *Davis v. Heckler*, 868 F.2d 323, 325 (9th Cir.1989).

## DISCUSSION

■ Salvador's arguments that the ALJ used incorrect legal standards lack merit. In determining whether Salvador could perform light work, the ALJ properly considered whether she could lift up to twenty pounds and frequently lift up to ten pounds. *See* 20 C.F.R. § 404.1567(b) (1989). This regulation is a reasonable construction of the statute because it does not

single out one particular task of one particular job, but rather sets up a general test of whether the claimant can perform various tasks within a certain range of exertion.

 Salvador's invocation of the Dictionary of Occupational Titles to claim that her past work as a short order cook requires medium rather than light work is misplaced. The ALJ uses the Dictionary only if he determines that the claimant cannot perform her past work. *See* 20 C.F.R. § 404.1569. Here, the ALJ determined that Salvador can perform her past work.

 However, we accept Salvador's argument that the ALJ erred in rejecting the opinion of her treating physician, Dr. Susens, without offering specific and legitimate reasons. All the evidence indicated that Salvador had heart disease and a recent myocardial infarction. Dr. Susens felt that this condition rendered Salvador permanently and totally disabled, and he recommended she retire and do no work. The ALJ implicitly rejected Susens' opinion by concluding that Salvador is able to perform light work. Yet, the ALJ never evaluated Susens' findings or conclusions, but only summarized Susens' opinion generally without any specific reference as to why he disregarded it. This is not a sufficient statement of reasons. *Compare Hammock v. Bowen,* 879 F.2d 498, 502 (9th Cir.1989) (ALJ's failure to offer *any reasons* as to why he disregarded the claimant's treating physician's opinion was legal error), *and Sprague v. Bowen,* 812 F.2d 1226, 1230 (9th Cir.1987) (ALJ's *mere references* to minor inconsistencies in the treating physician's opinion was not a sufficient statement of reasons for rejecting the physician's opinion), *with Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989) (ALJ's *specific statement* that he rejected claimant's treating physician's opinion because the physician's opinion was based on the claimant's complaints of pain, which the ALJ disbelieved, was specific and legitimate). Thus, the ALJ erred in rejecting Susens' opinion.

Salvador invites us to award her benefits if we find that the ALJ erred in determining that she is not disabled. We exercise our discretion not to award benefits because there may be evidence in the record to which the ALJ can point to provide the requisite specific and legitimate reasons for disregarding Susens' opinion. *See McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir.1989). If the ALJ can offer such reasons, the other medical evidence in the record seems substantially to support the ALJ's decision that Salvador is not disabled. Therefore, the ALJ's decision is REVERSED and the case is REMANDED for further proceedings consistent with this decision.

REVERSED and REMANDED.