**Roberta SALVADOR, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.**

No. C–87–3986 DLJ.

United States District Court, N.D. California.

Jan. 27, 1992.

Candace C. Davenport, sole practitioner, San Rafael, Cal., for plaintiff.

Asst. U.S. Atty. Dennis Mulshine, for U.S.

## ORDER

JENSEN, District Judge.

On January 8, 1992, this Court heard plaintiff's motion for attorneys' fees. Candace C. Davenport appeared on behalf of plaintiff Roberta Salvador. Assistant United States Attorney Dennis Mulshine appeared on behalf of defendant. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court DENIES plaintiff's motion.

## I. BACKGROUND

Plaintiff originally brought this action pursuant to 42 U.S.C. § 405(g), challenging the Secretary of Health and Human Services' finding that plaintiff was not disabled, thereby denying plaintiff supplemental security income. This Court granted summary judgment in favor of the Secretary. Plaintiff appealed this judgment. The Ninth Circuit subsequently reversed this

Court's decision, concluding that the Administrative Law Judge ("ALJ") had erred in rejecting the opinion of plaintiff's treating physician without offering specific and legitimate reasons for disregarding the opinion. *See Salvador v. Sullivan*, 917 F.2d 13 (9th Cir.1990).[1] The Ninth Circuit then remanded the case back to this Court for further proceedings consistent with the Circuit Court's decision. *Id.*

On February 21, 1991, this Court reversed the Secretary's decision and remanded the action for a reconsideration of the opinion of plaintiff's treating physician. A separate judgment did not accompany the remand Order. On remand, in a decision dated August 30, 1991, an ALJ found that plaintiff was disabled as of August 4, 1985 and entitled to disability insurance benefits accordingly.

Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant argues that the application for fees is untimely. In the alternative, defendant argues that defendant's position in the litigation was substantially justified, thus precluding recovery of fees under the EAJA.[2]

## II. DISCUSSION

The EAJA provides, in relevant part, that:

[A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). EAJA fees may be awarded in cases seeking review of agency decisions regarding Social Security disability benefits. *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984).

### A. Timeliness of plaintiff's application for EAJA fees.

A party seeking EAJA fees must submit an application to the court "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "Final judgment" means a judgment that is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme Court recently addressed whether a remand by the district court of a social security action constitutes a final judgment for purposes of the EAJA. *See Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) (unanimous opinion).

The Supreme Court first noted that "final judgment" under the EAJA means a judgment entered by a court of law. *Id.* 111 S.Ct. at 2162. Thus the timing of the agency's decision is irrelevant in determining whether an EAJA application is timely filed. A "final judgment" under the EAJA also means a non appealable judgment. Thus the thirty day time period for filing an EAJA application does not commence until the time for appeal of the district court's judgment has expired. *Id.*

The Supreme Court next noted that there are two, and only two possible kinds of remand that the district court can make to an agency pursuant to 42 U.S.C. § 405(g): (1) remands pursuant to the fourth sentence of the statute; and (2) remands pursuant to the sixth sentence of the statute. *Melkonyan, supra*, at 2163. The fourth sentence of § 405(g) authorizes the court to enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In a sixth sentence remand, the court does not rule as to the correctness of the administrative determination, but remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding. *Melkonyan, supra*, at 2163.

---

**1.** The Circuit, however, found that plaintiff's arguments that the ALJ had used an incorrect legal standard were without merit. *Id.*

**2.** Given the disposition of this case based on the timeliness of plaintiff's application, the Court need not address the issue of substantial justification for defendant's position.

The time at which a "final judgment" is entered for purposes of an EAJA application is different for each type of remand. In sentence four cases, the EAJA application period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. *Id.* at 2165. In sentence six cases, the filing period does not begin until after the post remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs. *Id.*

In this case, defendant argues that the Court's February 21, 1991 Order reversing and remanding the action for reconsideration constitutes a final judgment with a "fourth sentence" remand. Given a sixty day period to appeal the remand (28 U.S.C. § 2107), and a thirty day period in which to apply for EAJA fees after entry of final judgment (28 U.S.C. § 2412(d)(1)(B)), defendant argues that plaintiff would have had to file her EAJA application within ninety days of the February 21, 1991 Order. Plaintiff filed this motion on September 30, 1991, well outside of the ninety day window.

Plaintiff argues that there never was a final judgment because this Court's February 21, 1991 Order was not accompanied by the filing of a separate document constituting a judgment. Assuming that the Order did constitute a final judgment, plaintiff argues in the alternative that *Melkonyan* should not be applied retroactively.

### 1. Lack of separate document judgment.

■ The Federal Rules of Civil Procedure are unambiguous about what constitutes an effective judgment:

> Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).

Fed.R.Civ.Proc. 58. The reference to Rule 79(a) requires that a judgment must be entered into the docket before it will become effective. "The requirements that a judgment be on a separate document and that it be entered in the docket should be regarded [as] mandatory in all cases." Wright & Miller, *Federal Practice and Procedure*, § 2785 at 17. The separate document provision must be "mechanically applied" in order to avoid uncertainty as to when a judgment is entered and must not be tailored on a case-by-case basis. *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973). An order, entered into the civil docket and mailed to the parties does not constitute a "separate document setting forth the judgment of the district court." *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir.1987).

The February 21, 1991 remand Order in this case was not accompanied by a separate document judgment. The Order was titled "ORDER" and did not contain any reference to the word "judgment." The Clerk's docket indicates entry of an "ORDER" and not of a judgment. Where there is no judgment at all, plaintiff argues that there certainly can be no "final judgment" within the meaning of the EAJA. Thus plaintiff argues that the time for filing an EAJA application has not yet commenced and will not commence until ninety days after a judgment is entered by this Court.

Defendant argues that a "fourth sentence" remand order constitutes a final judgment for purposes of appealability and the EAJA time limitation. Defendant claims that "a ministerial error by the clerk's office would not have affected the finality of the remand order for EAJA purposes." *See* Defendants' Opposition To Plaintiff's Motion For EAJA Fees ("Opposition"), 3 n. 1. Defendant cites two Supreme Court opinions, *Melkonyan* and *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), claiming that in "neither case did the Supreme Court suggest that entry of a separate judgment either was necessary or would have affected the finality of the order." Opposition at 3 n. 1.

In *Finkelstein* the Supreme Court considered whether a "fourth sentence" remand order is appealable. This inquiry necessarily prompted an examination of

whether a remand order is a "final judgment" for purposes of appellate review. In *Finkelstein,* as in the instant case, the district court reversed the Secretary and remanded for further consideration. The Supreme Court held that the remand order constituted a final judgment:

> [T]he fourth sentence clearly foresees the possibility that a district court may remand a cause to the Secretary for rehearing ... nonetheless such a remand *order* is a *'judgment'* in the terminology of § 405(g).

*Id.* at 2664 (emphasis added). The Supreme Court found that in the case before it, the district court's "remand *order* was unquestionably a *'judgment,'* as it terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits." *Id.* (emphasis added). The Supreme Court noted that Congress has the power to define a class of orders as final judgments, and that this is exactly what Congress did in the fourth sentence of § 405(g). *Id.* The Supreme Court apparently did not consider it relevant that the remand order was not captioned as a "judgment." *Id.* at 2665 n. 7.[3]

In the context of determining whether a "fourth sentence" remand order constitutes a "final judgment" for purposes of appealability, *Finkelstein* holds that it does. There is no indication in *Finkelstein* that a separate document judgment was filed or that such a separate document was necessary to give the remand order "final judgment" status. By analogy, the "fourth sentence" remand order in this case constitutes a "final judgment" for purposes of the EAJA application period, even though a separate document judgment was not filed.

2. Retroactive application of *Melkonyan v. Sullivan.*

 Plaintiff argues that if the February 21, 1991 remand Order did constitute a final judgment, *Melkonyan* should not be applied retroactively. Plaintiff's position is

understandable given the fact that there is no dispute that if *Melkonyan* is applied retroactively, her EAJA application is untimely.

Under *Melkonyan* plaintiff would have had to file her EAJA application before May 23, 1991. *Melkonyan* was not decided until June 10, 1991. Thus even if plaintiff had filed her application on the day after *Melkonyan* was announced, she would have been too late. Plaintiff relied on the state of the law in the Ninth Circuit, prior to *Melkonyan,* in deciding when to apply for EAJA fees. Ironically, the then existing Ninth Circuit law was stated in the very case vacated by the Supreme Court in *Melkonyan. See Melkonyan v. Heckler,* 895 F.2d 556 (9th Cir.1990), *vacated,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Under the previous Ninth Circuit law, the "final judgment" which started the EAJA clock was the final decision by the administrative agency awarding benefits. *Id.* at 558–59. In this case, the final administrative decision awarding plaintiff's benefits was announced on August 30, 1991. Under previous Ninth Circuit law, plaintiff's current application for EAJA fees, filed on September 30, 1991, would have been timely.

Plaintiff argues that *Melkonyan* should be applied prospectively only, citing and applying the test in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). For the past 20 years, the determination of whether a new rule of law announced by the Supreme Court would apply retroactively or only prospectively in civil cases was considered and decided in light of the test established in *Chevron Oil.* The test in *Chevron Oil* requires retroactive application of a rule of law only if the rule does not "establish a new principle of law," if retroactive application would not hinder the purposes of the new rule, and if retroactivity would not "produce substantially inequitable results." *Id.* 92 S.Ct. at 355.

---

**3.** "The label used by the District Court of course cannot control the order's appealability in this case, any more than it could when a district Court labeled a nonappealable interlocutory order as a 'final judgment.' [citation]" *Finkelstein, supra* at 2665 n. 7.

The Supreme Court's recent decision in *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), now prohibits application of the *Chevron Oil* analysis in cases where the Supreme Court has already applied a new rule to the parties before it. In *Beam* the Court held that the rule established in *Bacchus Imports Ltd. v. Dias,* 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984) finding certain discriminatory state taxes to be unconstitutional, was to be applied retroactively to the *Beam* case because the new rule had been applied to the parties in *Bacchus.* Although there are five opinions in the *Beam* case, six justices clearly agreed that where the Supreme Court applies a new principle of law to the parties before it in a civil case, that rule applies to all pending cases.

Federal courts across the nation have grappled with the issue of whether *Melkonyan* should be applied retroactively. Some courts have applied *Melkonyan* retroactively,[4] while other courts have not.[5] This Court is aware of only one case in this District addressing the issue. In *Dempsey v. Sullivan,* Civ. No. C–87–4851–CAL Order at 4 (N.D.Cal. Dec. 16, 1991) (Legge, J.), the Court applied *Melkonyan* retroactively. The Court held that in *Melkonyan* the Supreme Court applied the rules it announced to the litigants before it, and thus, *James Beam* compelled retroactive application of *Melkonyan. Id.*

Plaintiff argues that, in fact, the Supreme Court did not apply the rules it announced in *Melkonyan* regarding EAJA applications to the litigants before the Supreme Court. Thus plaintiff contends that *James Beam* does not compel retroactive application. Plaintiff's argument relies on

a highly technical reading of *Melkonyan.* However, this same technical reading was used to support non retroactive application of *Melkonyan* in *Butts v. Bowen,* at 1170. The court in *Butts* noted that *Melkonyan* was not a fourth sentence remand case and therefore the Supreme Court did not apply the new timeliness rule for fourth sentence remands to the litigants before it. *Id.* The court concluded that since there was no controlling application of the new fourth sentence rule, it is still an open question whether the *Melkonyan* rule regarding fourth sentence remands should be applied retroactively. *Id.*

The remand order at issue in *Melkonyan* was most likely a sixth sentence remand. However, the Supreme Court remanded the case because it could not state with certainty that the remand was a sixth sentence remand. *Melkonyan, supra,* 111 S.Ct. at 2165. The Supreme Court instructed that if the district court determined that it was a sixth sentence remand, the Secretary would have to return to the district court and obtain a final judgment. *Id.* Under those circumstances, the plaintiff in *Melkonyan* could still make a timely EAJA fee application. There was no suggestion in *Melkonyan* that the remand might have been a fourth sentence remand. Thus technically, the fourth sentence rule announced in *Melkonyan* as to when the EAJA clock starts ticking is dicta.

However, in its remand instructions, the Supreme Court stated: "If, on the other hand, this was *not* a sentence six remand, it may be that petitioner is not entitled to EAJA fees at all." *Id.* (emphasis in original). It is clear that the Supreme Court required the district court to apply the *Melkonyan* substantive holding once the re-

---

4. *See Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991) (retroactive application of *Melkonyan* without comment); *Fergason v. Sullivan,* 771 F.Supp. 1008, 1012 (W.D.Mo.1991) (*James Beam* compels retroactive application); *Audette v. Secretary of Health and Human Services,* 776 F.Supp. 84, 89 (D.R.I.1991) ("With all due respect to [courts that have not applied *Melkonyan* retroactively] this Court cannot ignore the *James Beam Distilling* decision"); *Hudson v. Sullivan,* 779 F.Supp. 37, 40 (W.D.Penn.1991) (citing *James Beam* ).

5. *See Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (acknowledging *James Beam* but using *Chevron Oil* to conclude prospective application of *Melkonyan* ); *Miller v. Sullivan,* 1991 WL 165067 (E.D.Pa. Aug. 23, 1991) (no discussion of *James Beam* ); *Mautino v. Sullivan,* No. 86–0780–CV–W–6, slip op. at 3, n. 1 (W.D.Mo. July 1, 1991) (no discussion of *James Beam* ); *Butts v. Bowen,* 775 F.Supp. 1167, 1171 (N.D.Ill.1991) (see discussion in text).

mand posture was clarified. There is no reason to suggest that if, by chance, the district court determined the remand to be a ·fourth sentence remand, the Supreme Court would not require application of the newly announced fourth sentence rules regarding timeliness. Accordingly *Melkonyan* falls within the holding of *James Beam* and must be applied retroactively to the plaintiff in this case.

Plaintiff concedes that if *Melkonyan* controls, her EAJA application is untimely. Given this Court's determination that its remand Order constituted a final judgment and that *Melkonyan* must be applied retroactively, plaintiff's motion for attorneys' will be denied.

### III. CONCLUSION

Therefore, the Court hereby ORDERS as follows:

Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act is DENIED.

IT IS SO ORDERED.