Walter WILLIAMS, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 87–4546.

United States District Court, D. New Jersey.

March 17, 1993.

Phillip Wolf, Haddonfield, NJ, for plaintiff.

Anthony J. LaBruna, Sp. Asst. U.S. Atty., Newark, NJ, for defendant.

## MEMORANDUM OPINION AND ORDER

GERRY, Chief Judge.

The parties are presently before the court upon plaintiff's motion for reargument pursuant to New Jersey District Court Local Rule 12–I. The motion is granted and the prior judgment entered in the above captioned matter is vacated and reversed.

### BACKGROUND

In November 1987, plaintiff filed a civil action under 42 U.S.C. § 405(g) in this court to review a final decision by the Secretary of Health and Human Services that had denied plaintiff's application for disability insurance benefits. This court issued an opinion on March 1, 1990, reversing the Secretary's decision. The case was remanded to the agency for further proceedings consistent with that opinion. On January 1, 1991, the Secretary rendered a decision favorable to the plaintiff, and the civil action was dismissed by this court on September 26, 1991. On October 31, 1991, plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). On August 19, 1992, this court denied the motion as untimely.

### DISCUSSION

**I. Retroactivity of *Melkonyan* with Respect to Filing Deadline.**

Prevailing plaintiffs in a civil action against the United States are entitled to EAJA fees if the position of the United States was not substantially justified and if the application for fees is made within thirty days of the final judgment in the civil action. 28 U.S.C. § 2412(d)(1)(A) and (B). Final judgment occurs when the Government's right to appeal has expired. *Id.* § 2412(d)(2)(G). The Government has sixty days to file an appeal. Fed.R.App.P. 4(a)(1). Accordingly, an EAJA application must be filed within ninety days after entry of final judgment.

Our denial of plaintiff's EAJA application was based on *Melkonyan v. Sullivan,* ——  U.S. ——, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991), which held that a remand that reverses, modifies, or affirms the Secretary's decision is a final appealable judgment, and the filing period for EAJA fees must be measured from the date of the remand. Finding that our remand of March 1, 1990 fell in that category, we held that plaintiff's motion, having been filed more than ninety days from that date, was untimely. Plaintiff argues that *Melkonyan* should not have been applied retroactively.

■ Whether to allow reargument under Rule 12–I is a matter within the court's discretion. *See De Long Corp. v. Raymond Intern., Inc.,* 622 F.2d 1135, 1140 (3d Cir. 1980). Reargument should be granted, however, only in those instances where facts or legal issues had been presented to the court but overlooked in the court's decision. *See* Rule 12–I; *Pelham v. United States,* 661 F.Supp. 1063, 1065 (D.N.J.1987); *see also Student Public Interest Res. Group v. Monsanto Corp.,* 727 F.Supp. 876, 878 (D.N.J.), *aff'd mem.,* 891 F.2d 283 (3d Cir.1989). Here, the issue of *Melkonyan's* retroactive application was addressed in the Government's opposition brief. Our opinion, however, applied *Melkonyan* without discussing the issue of retroactivity. We exercise our discretion to do so now and reverse our former opinion.

■ Generally, judicial decisions are given retroactive effect. The narrow circumstances under which judicial decisions are not applied retroactively are governed by *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92

S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971) and *James B. Beam Distilling Co. v. Georgia*, — U.S. —, —, 111 S.Ct. 2439, 2448, 115 L.Ed.2d 481 (1991).

■ The *Chevron* Court stated that judicial decisions should be given retroactive effect unless: 1) the decision establishes a new principle of law that overrules clear past precedent or that decides an issue of first impression that was not clearly foreshadowed; 2) retroactive operation of the new decision will retard operation of the rule in question in light of its prior history, purpose, and effect; and 3) retroactive application would create an inequitable result. *Chevron*, 404 U.S. at 106–07, 92 S.Ct. at 355–56.

■ Under this standard, the rule announced in *Melkonyan* regarding the proper time to file for EAJA fees should not be applied to cases arising before *Melkonyan* was decided. First, *Melkonyan* overruled clear past precedent. Before *Melkonyan*, a district court's order to remand was not considered a final judgment and therefore did not trigger the thirty-day filing period. The appropriate time to file for attorney's fees was after the post-remand administrative proceedings and final judgment of the district court. *Taylor v. United States*, 749 F.2d 171, 174 (3d Cir.1984); *Brown v. Secretary of Health and Human Servs.*, 747 F.2d 878, 885 (3d Cir.1984). Thus, plaintiff followed clear Third Circuit precedent at the time by waiting until he became a prevailing party on remand before filing this fee application.

Second, time-barring plaintiff's application would retard the operation of EAJA. The purpose of EAJA was to eliminate "the harsh reality that in many cases" litigants with valid claims against the Government found it "more practical to endure an injustice than to contest it." *Brown*, 747 F.2d at 880 (citing H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, *reprinted in*, 1980 U.S.C.C.A.N. 4953, 4984, 4988). EAJA was enacted to ensure fair treatment of citizens by government agencies. *Id.* These principles would be undermined if plaintiff's application was retroactively time-barred. Plaintiff had a valid claim and was encouraged to pursue that claim, in part, by the prospect of recovering his attorney's fees.

Third, because plaintiff has not exhibited any lack of diligence in filing, the balance of equities weighs in his favor. The remand was issued before *Melkonyan* was decided. Plaintiff appropriately followed the procedures as mandated by the Third Circuit at the time to delay his EAJA application until after becoming a prevailing party in the administrative proceeding. It would be unfair, under these circumstances, to hold that his application is untimely.

The Government argued that *Melkonyan* should be applied retroactively because, under *James B. Beam*, — U.S. —, 111 S.Ct. at 2443, 2448, judicial decisions must be applied retroactively whenever the new rule of law was applied to the litigants in the case in which that rule was announced. Defendant's Brief in Opposition at 5 (Jan. 27, 1992). Although this is a correct reading of *James B. Beam*, we find that decision inapplicable to the present case.

We disagree with the Government's contention that the Court in *Melkonyan* applied its newly announced rule regarding the proper time to file for EAJA fees to the litigants in that case. The remand in *Melkonyan* did *not* reverse, modify, or affirm the Secretary's decision and was, therefore, not a final judgment. *Melkonyan*, — U.S. at —, 111 S.Ct. at 2163. The issue there was whether the district court had remanded the case because of newly discovered evidence, which would not have constituted a final judgment, or if it had granted a voluntary dismissal under Fed.R.Civ.P. 41(a), which would have precluded the recovery of attorney's fees altogether. *Id.* — U.S. at —, 111 S.Ct. at 2165. Thus, the Court did not apply its ruling regarding the EAJA limitations period to the litigants in that case. Accordingly, we hold that *James B. Beam* is not applicable; *Melkonyan* will not be applied retroactively to time-bar this plaintiff's EAJA application. *Accord Bacon v. Secretary of Health and Human Services*, 786 F.Supp. 434 (D.N.J. 1992); *Rollins v. Sullivan*, 784 F.Supp. 253 (E.D.Pa.1992); *Santiago v. Sullivan*, 783 F.Supp. 223 (E.D.Pa.1992); *Miller v. Sullivan*, No. 90–2408, 1991 WL 165067, 1991

U.S.Dist. LEXIS 11919 (E.D.Pa. Aug. 23, 1991); *Brown v. Sullivan,* No. 89–4138, 1991 WL 225012, 1991 U.S. Dist. LEXIS 15553 (E.D.Pa. Oct. 28, 1991); *see also, Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (per curiam); *Thomas for Brown v. Sullivan,* 785 F.Supp. 788 (C.D.Ill.1992); *Butts v. Bowen,* 775 F.Supp. 1167 (N.D.Ill.1991). *But see Salvador v. Sullivan,* 786 F.Supp. 830 (N.D.Cal.1992); *Hudson v. Sullivan,* 779 F.Supp. 37 (W.D.Pa.1991); *Audette v. Secretary of Health and Human Servs.,* 776 F.Supp. 84 (D.R.I.1991); *Fergason v. Sullivan,* 771 F.Supp. 1008 (W.D.Mo.1991).

## II. Recovery of Post-remand Attorney's Fees.

Because our earlier opinion held plaintiff's claim time-barred, we did not address the Government's argument that *Melkonyan* precludes recovery of those attorney's fees incurred in administrative proceedings that follow a remand which reverses, modifies, or affirms the Secretary's decision. The Government argues that fees incurred after a remand are only recoverable if the district court retains jurisdiction after the remand, and that courts only retain jurisdiction where the case was remanded because of new evidence. Defendant's Brief in Opposition at 6–7. We reject this argument on two grounds: 1) *Melkonyan* precludes recovery of post-remand attorney's fees only where the remand mandates recovery for the plaintiff; and 2) even assuming the Government's reading of *Melkonyan* is correct, it should not be applied retroactively to this case.

### A. *Melkonyan* does not preclude recovery.

■ As we held in *Riggio v. Sullivan,* Civ. No. 88–3359 (D.N.J. Sept. 29, 1992), *Melkonyan* must be read in conjunction with *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) to preclude recovery of post-remand attorney's fees only where the remand mandates recovery for the plaintiff. *See Riggio,* slip op. at 5–7.

In *Hudson,* the remand had been entered upon determination that the Administrative Law Judge ("ALJ") violated agency regulations by not considering the cumulative effect of the medical evidence and by failing to support his rejection of the treating physician's evaluation. *Hudson,* 490 U.S. at 880–81, 109 S.Ct. at 2251–52. The Supreme Court explained that, in such circumstances, post-remand proceedings were "crucial" to the claimant's recovery, and that representation by an attorney was required to ensure compliance with the district court's order. *Id.* at 889–90, 109 S.Ct. at 2256–57. The Court reasoned further that Congress could not have intended to create a system that both provided claimants "a lifeline it knew was a foot short" and that encouraged attorneys "to abandon claimants after judicial remand." *Id.* The Court concluded that where a district court has found that the Secretary's decision was not substantially justified, it is within the "court's discretion to conclude that representation on remand was necessary ... to the ultimate vindication of the claimant's rights, and that an award of fees for work performed in the administrative proceedings is therefore proper." *Id.* at 890, 109 S.Ct. at 2257.

In *Melkonyan,* the Court held that final judgments for EAJA purposes must be issued by a court rather than an administrative agency, and that such judgments "terminate the civil action for which EAJA fees can be received" and start EAJA's limitations clock. *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162. The Court made clear that section 405(g) only authorizes two types of remands. *Id.* —— U.S. at ——, 111 S.Ct. at 2165. Sentence four of section 405(g) authorizes remands "affirming, modifying, or reversing" the Secretary's decision. Sentence six authorizes remands "on motion of the Secretary made for good cause shown before he files his answer" or to review new evidence where there is good cause for having not presented such evidence in the prior proceedings. *Id.* (citing 42 U.S.C. 405(g) (1988)). The Court stated that sentence four remands constitute final judgments. In contrast, the court retains jurisdiction in sentence six remand cases until the post-remand proceedings are completed and enters final judgment thereafter. *Id.* The Court reaffirmed *Hudson*'s validity but noted that not all proceedings remanded to the agency were to be considered part of the federal civil action for all

purposes. *Id.* —— U.S. at ——, 111 S.Ct. at 2162 (citing *Sullivan v. Finkelstein,* 496 U.S. 617, 629–31, 110 S.Ct. 2658, 2666–67, 110 L.Ed.2d 563 (1990)).

The Government argues with some force that *Melkonyan* stands for the proposition that attorney's fees are recoverable for hours spent following sentence six remands but not for time expended following sentence four remands because remands pursuant to sentence four are final judgments which "terminate the civil action for which EAJA fees can be received." Defendants Brief in Opposition at 5–6 (citing *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162). We disagree. The Government's position would create an anomalous regime in which prevailing claimants who receive a remand because of new evidence would recover their attorney's fees, but those forced to return to the agency because of the agency's improper application of law or procedure would do so at their own expense. Those most wronged by the system would be forced to relitigate their claim at the greatest risk and expense; those most in need of legal representation would be denied attorney's fees.

While recognizing the ambiguity created by *Melkonyan,* this court believes that such a result would be contrary to the intentions of both the Supreme Court and Congress. The EAJA was intended to enable claimants to contest unreasonable governmental action without concern that the litigation costs might exceed or substantially diminish the amount at stake. *Hudson,* 490 U.S. at 883, 109 S.Ct. at 2253 (citing S.Rep. No. 96–253, p. 5 (1979)). Moreover, the Government's reading of *Melkonyan* would create exactly the incentive the Supreme Court declared "counter to long established ethical canons of the legal profession"—once a remand was obtained, attorneys would be encouraged to abandon those clients who had limited resources. *See id.* 490 U.S. at 889–90, 109 S.Ct. at 2256–57.

This court concludes that *Melkonyan* and *Hudson* must be read together to allow district courts to retain jurisdiction over cases remanded to the agency under sentence four where the remand does not mandate recovery of benefits. *Cf. Labrie v. Secretary of Health and Human Servs.,* 976 F.2d 779, 785–86 (1st Cir.1992) (filing period will not begin to run from time of remand not dictating recovery; such remands are not final judgments and do not end district court's jurisdiction); *Gutierrez v. Sullivan,* 953 F.2d 579, 583–84 (10th Cir.1992) (same); *Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991) (same); *Dennis v. Sullivan,* No. 90–7738, 1992 WL 165811, at *1–2 (E.D.Pa. June 15, 1992) (same); *Sparling v. Sullivan,* 785 F.Supp. 312, 317 (N.D.N.Y.1992) (same); *Harper v. Sullivan,* 779 F.Supp. 90, 93–94 (N.D.Ill.1991) (same); *but see Luna v. Department of HHS,* 948 F.2d 169, 172–73 (5th Cir.1991) (all sentence four remands are final judgments); *Misciagno v. Secretary of HHS,* 786 F.Supp. 1120, 1124 (E.D.N.Y.1992) (same).

The *Melkonyan* Court addressed sentence four remands in a limited fashion only. That decision focused primarily on the requirements of sentence six. Having considered the anomalous results that would flow from a literal application of *Melkonyan* to the facts presented here, we find that the *Melkonyan* Court's statements regarding sentence four make sense only if understood to apply exclusively to those remands that mandate the recovery of benefits. It is one thing to deny attorney's fees for post-remand hours expended where the court dictates that a claimant receive benefits and remands the case for purposes of calculation only, and quite another to deny such fees to those who must fully relitigate their claims at the administrative level. This position is buttressed further by the claimant's ineligibility to recover attorney's fees until after becoming a "prevailing party." *See Hudson,* 490 U.S. at 887–88, 109 S.Ct. at 2255–56; *Brown v. Secretary of Health and Human Servs.,* 747 F.2d 878, 883 (3d Cir.1984); 28 U.S.C. § 2412(d)(1)(A) (1988). Although a claimant may obtain "prevailing party" status upon receipt of a remand ordering recovery, he will not do so when the remand merely returns the case to the agency because of improper legal or factual analysis. *See Hudson,* 490 U.S. at 886, 109 S.Ct. at 2254; *Dennis,* 1992 WL 165811 at *1–2.

The remand at issue here is nearly identical to the one in *Hudson;* both were issued because of legal and factual errors committed by the ALJ—not because of new evidence. *Compare Hudson,* 490 U.S. at 889–90, 109 S.Ct. at 2256–57 *with Williams v. Secretary of Health and Human Servs,* Civ. No. 87–4546, slip op. at 2–3 (D.N.J. March 1, 1990). We conclude that it was within our discretion to retain jurisdiction to ensure that our opinion was complied with on remand. The court is presumed to have retained jurisdiction over cases remanded to the agency without a directive ordering recovery "absent an express indication to the contrary." *Labrie,* 976 F.2d at 786; *Hafner v. Sullivan,* 972 F.2d 249, 250–51 (8th Cir. 1992). The post-remand administrative proceedings in this case were therefore part of the civil action for which fees can be recovered.

## B. No retroactive application.

Even if *Melkonyan* precluded recovery of fees following remands not based on new evidence, we hold that it cannot be applied retroactively to this case. The *James B. Beam* analysis is inapt because the *Melkonyan* Court did not apply any such rule to the litigants in that case. The recovery of fees for attorney time expended following the remand was not discussed in *Melkonyan.* The issue was whether the district court had granted a remand because of new evidence (in which case plaintiff could recover *all* his attorney's fees, including time expended at the post-remand administrative hearings), or whether the district court had dismissed the case (in which case plaintiff could not recover any attorney's fees). *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2165. Therefore, *Jim Beam* does not require the retroactive application of this issue.

Under *Chevron, Melkonyan* should not retroactively bar recovery of attorney's fees incurred following a district court remand. First, Supreme Court precedent at the time clearly allowed recovery of such fees, *see Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989). Second, to deny such recovery because of a new interpretation of the law would retard the opera-tion of EAJA in light of its prior purpose and effect. Limiting recovery of attorney's fees would discourage those with valid claims from pursuing their claims after remand because the additional legal fees might exceed the potential recovery. Third, the balance of equities favors the plaintiff. Plaintiff's decision to pursue his claim after the remand was made at a time that, should he prevail, his attorney's fees were clearly recoverable. The possibility of recovering such fees may have been a substantial factor in his decision. On the other hand, the need for post-remand administrative hearings was created by the Government's failure to render a decision supported by substantial evidence. We conclude, therefore, that even if *Melkonyan* did preclude recovery of attorney's fees for time expended following a remand which reversed, modified, or affirmed an agency decision, *Chevron* mandates that post-remand attorney's fees incurred before *Melkonyan* was decided are recoverable.

## *CONCLUSION*

Accordingly, plaintiff is entitled to reasonable attorney's fees expended in pursuit of his claim both before this court and in the administrative proceedings following our remand. Plaintiff has sufficiently documented, and the Government does not challenge, the 42.75 hours plaintiff's attorneys expended in pursuit of his claim. Initially, the parties disputed the proper method of calculating the appropriate fee. In light of the Third Circuit opinion in *Dewalt v. Sullivan,* 963 F.2d 27 (3d Cir.1992), however, the parties have stipulated that the appropriate hourly rate using the Bureau of Labor and Statistics CPU–ALL Index is $114.00. Plaintiff is therefore entitled to attorney's fees based on 42.75 hours at $114.00 per hour, which amounts to a total of $4,873.50, plus $120 in court costs.

Therefore, the court having considered the submissions, and for good cause shown;

It is, this 17th day of March 1993, hereby ORDERED that plaintiff's motion for reconsideration is granted; and

It is FURTHER ORDERED that plaintiff's motion for attorney's fees and costs

under the Equal Access to Justice Act is granted for the amount of $4,993.50.