Michael V. BARBATO, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURI-
TY ADMINISTRATION, Defendant.

No. CV 95–6666–E.

United States District Court,
C.D. California.

April 18, 1996.

1274

Edmund Parent, Santa Barbara, CA, for Plaintiff.

Russell W. Chittenden, Assistant U.S. Attorney, Los Angeles, CA, for Defendant.

## OPINION AND ORDER REMANDING CASE

EICK, United States Magistrate Judge.

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED

that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

Plaintiff filed a complaint on October 4, 1995, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 13, 1995.

Plaintiff filed a motion for summary judgment on March 15, 1996. Defendant filed a motion for summary judgment on April 15, 1996. The Court has taken both motions under submission without oral argument. *See* L.R. 7.11.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff alleges disability based primarily upon narcolepsy (Administrative Record ("A.R.") 19, 65). "Narcolepsy is a rare syndrome of recurrent attacks of sleep, sudden loss of muscle tone (cataplexy), hypnagogic hallucinations and sleep paralysis." *Winans v. Bowen,* 853 F.2d 643, 644 (9th Cir.1987) (citations and quotations omitted); *accord Rosenboom v. Shalala,* 841 F.Supp. 341, 343–44 n. 1 (D.Or.1993).

The Administrative Law Judge ("ALJ") heard testimony from, *inter alia,* Plaintiff and a non-examining medical expert (A.R. 32–113). Following this hearing, but before the ALJ's decision, Dr. Robert C. Jones, Plaintiff's treating physician, submitted an October, 1994 report (A.R. 284–85). In this report, Dr. Jones opined Plaintiff is disabled from all employment, including jobs not involving sitting *(id.)*.

The ALJ found Plaintiff can perform certain medium level work, provided the work does not require "any significant sitting" (A.R. 21–24). The ALJ rejected Dr. Jones' contrary opinion and purported to adopt the findings of the non-examining medical expert (A.R. 21). The ALJ stated the medical expert had testified that the medical evidence of record showed Plaintiff's narcolepsy was "not severe" (A.R. 20).

Following the ALJ's decision, Plaintiff submitted the report of another examining physician, Dr. David R. Rice (A.R. 6–12). Dr. Rice opined Plaintiff "has to be considered totally disabled" (A.R. 12). The Appeals Council "considered the additional evidence from David R. Rice, M.D.," but denied review (A.R. 3–4).

## STANDARD OF REVIEW

■ Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. *See Swanson v. Secretary,* 763 F.2d 1061, 1064 (9th Cir.1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ This Court "may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from the ALJ's conclusion." *Ray v. Bowen,* 813 F.2d 914, 915 (9th Cir.1987) (citations and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. *See Torske v. Richardson,* 484 F.2d 59, 60 (9th Cir.1973), *cert. denied,* 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *Harvey v. Richardson,* 451 F.2d 589, 590 (9th Cir.1971).

■ Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the administrative record for purposes of the Court's analysis. *See Penny v. Sullivan,* 2 F.3d 953, 957 n. 7 (9th Cir.1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); *accord Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir.1992). *See generally* 20 C.F.R. §§ 404.970(b), 416.1470(b).

## DISCUSSION

### I. The Reasons Given for Rejecting Dr. Jones' Opinion Are Materially Flawed.

A treating physician's opinion "must be given substantial weight." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). Even where the treating physician's opinion is contradicted,[1] "if the ALJ wishes to disregard the opinion of the treating physician, he ... must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987) (citations and quotations omitted).

In rejecting Dr. Jones' opinion, the ALJ asserted: (1) Dr. Jones did not restrict Plaintiff from driving; (2) the medical expert opined that the medical record reflected "narcolepsy, not severe"; and (3) "[t]he notes of the treating and examining physicians offer no corroboration of the duration or frequency of the reported symptoms relative to [Plaintiff's] combination of sleep disorders. There is no record of continuing treatment for them" (A.R. 20–21). As discussed below, these assertions are materially flawed.[2]

The ALJ asserted Dr. Jones "has not restricted [Plaintiff] from driving ..." (A.R. 21). One of the medical reports refers to "[e]ducation regarding narcolepsy with driving precautions" (A.R. 261). Plaintiff testified that a treating physician (presumably Dr. Jones) "basically told me I shouldn't be driving ..." (A.R. 60). The ALJ did not find this specific testimony lacking in credibility. Whenever an ALJ's disbelief of a claimant's testimony is a "critical factor" in the decision, the ALJ must make an "explicit credibility finding." *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir.1990); *see Albalos v. Sullivan*, 907 F.2d 871, 874 (9th Cir.1990) (implicit credibility finding is insufficient). Material credibility findings must be specific. *See, e.g., Hammock v. Bowen*, 879 F.2d 498, 503 (9th Cir.1989) (ALJ should indicate which testimony was not credible). At the hearing, the ALJ characterized Plaintiff as a "highly credible claimant" (A.R. 110). The ALJ's decision found Plaintiff's testimony "not credibly indicative of a disabling degree of functional limitation," but did not address specifically the credibility of Plaintiff's testimony regarding driving restrictions. Thus, substantial evidence fails to support the ALJ's assertion that Dr. Jones "has not restricted [Plaintiff] from driving...."

Apart from the issue of whether Dr. Jones imposed any driving restrictions upon Plaintiff, the ALJ appeared to emphasize the supposition that Dr. Jones has not reported Plaintiff to the Department of Motor Vehicles. The ALJ apparently inferred that this non-reporting betrays Dr. Jones' true, concealed opinion that Plaintiff's narcolepsy is not severe, in contradiction to Dr. Jones' expressed opinion that Plaintiff's narcolepsy is totally disabling. The ALJ's inference is not reasonable. *Cf. Lester v. Chater*, 81 F.3d 821, 832 (9th Cir.1996) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits. While the Secretary may introduce evidence of actual improprieties, no such evidence exists here"; "unwarranted speculation" that doctors were misrepresent-

---

1. The Court assumes, *arguendo*, the medical expert's testimony sufficed to "contradict" Dr. Jones' opinion. Rejection of an uncontradicted medical opinion requires a statement of "clear and convincing" reasons. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir.1996); *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984).

2. Defendant's summary judgment motion suggests additional reasons for rejecting Dr. Jones' opinion. However, the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council. "If the decision on its face does not adequately explain how a conclusion was reached, that alone is grounds for a remand. And that is so even if [the Administration] can offer proper post hoc explanations for such unexplained conclusions." *Williams v. Bowen*, 664 F.Supp. 1200, 1207 (N.D.Ill.1987) (citation omitted); *see Owens v. Heckler*, 748 F.2d 1511, 1516 n. 6 (11th Cir.1984); *see also Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir.1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion ..."); *Lewin v. Schweiker*, 654 F.2d 631, 634–35 (9th Cir.1981) (ALJ's decision should include a statement of the subordinate factual foundations on which the ALJ's ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision).

ing the claimant's condition is not a sufficient basis for rejecting treating physician's opinion) (citations and quotations omitted). The record does not disclose whether Dr. Jones has reported *any* of his patients to the Department of Motor Vehicles. Negligence is an exceedingly more plausible inference than prevarication on the present record.

■■■■ The ALJ also misplaced reliance upon the medical expert's testimony. Testimony from a non-examining expert ordinarily does not warrant rejection of a treating physician's opinion. *See Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1996) ("The ALJ's primary reason for rejecting [the treating physicians'] opinions was that they conflicted with the testimony of a nonexamining medical advisor. In so doing, the ALJ committed an error of law"); *Pitzer v. Sullivan,* 908 F.2d 502, 506 n. 4 (9th Cir.1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician"). The non-examining medical expert's testimony was particularly insubstantial in the present case because this expert did *not* review the two most recent reports regarding Plaintiff's narcolepsy. These reports post-dated the medical expert's testimony (A.R. 284–85, 8–12).

The ALJ appears to have observed accurately that the physicians' notes do not reflect the duration or frequency of Plaintiff's symptoms. However, the ALJ inaccurately alleged the absence of any record of continuing treatment. Plaintiff and Dr. Jones (and later Dr. Rice) stated Plaintiff has received medication in a continuing, largely unsuccessful effort to control the narcolepsy (A.R. 70–71, 284–85, 8–12).

II. *Remand Is Appropriate.*

■■■■ "The decision whether to remand for further proceedings or simply to award benefits is within the discretion of this court." *McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir.1989); *see Salvador v. Sullivan,* 917 F.2d 13, 15 (9th Cir.1990). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. *See id.* ("We exercise our discretion not to award benefits because there may be evidence in the record to which the ALJ can point to provide the requisite specific and legitimate reasons for disregarding [the treating physician's] opinion"); *McAllister v. Sullivan,* 888 F.2d at 603–04 (administrative decision lacking sufficient reasons for disregarding treating physician's opinion remanded for further proceedings, including, potentially, a more specific, legitimate statement of reasons); *see also Varney v. Secretary,* 859 F.2d 1396, 1401 n. 5 (9th Cir.1988) (expressly reserving the issue of whether to adopt the Eleventh Circuit's rule that a treating physician's opinion always will be accepted as true where the ALJ has failed to provide sufficient reasons for rejecting such opinion).

The Ninth Circuit sometimes has directed the award of benefits where the administrative decision has failed to provide sufficient justification for disregarding a treating physician's opinion. *See Smolen v. Chater,* 80 F.3d 1273, 1291–92 (9th Cir.1996); *Lester v. Chater, supra,* 81 F.3d at 834; *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir.1989); *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1988); *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir.1987); *Fife v. Heckler,* 767 F.2d 1427, 1431 (9th Cir.1985); *Bilby v. Schweiker,* 762 F.2d 716, 719–20 (9th Cir.1985); *see also Pitzer v. Sullivan,* 908 F.2d 502, 506 (9th Cir.1990) (directing award of benefits where the administrative decision gave no reasons for disregarding an examining physician's opinions). Some of these decisions appear to acknowledge the Court's discretion to remand for further administrative proceedings. *Rodriguez, supra; Winans, supra; Sprague, supra; Bilby, supra.* The recent decisions in *Lester* and *Smolen* do not do so, however.[3] The *Lester* decision declares that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' "

---

**3.** The decision in *Fife* also contains no discussion of the alternative of a remand for further admin-   istrative proceedings.

*Lester, supra* at 834. Yet, the Ninth Circuit did not credit the treating physicians' opinions as a matter of law in *Salvador* or *McAllister,* despite the Administration's failure to provide adequate reasons for rejecting the physicians' opinions in those cases. Thus, the Ninth Circuit decisions conflict, leaving this Court to "make the unsatisfactory choice between two opposing lines of authority, neither of which has an unimpaired claim to being the law of the circuit." *Greenhow v. Secretary,* 863 F.2d 633, 636 (9th Cir.1988), *overruled in part, United States v. Hardesty,* 977 F.2d 1347 (9th Cir.1992) (*en banc*), *cert. denied,* 507 U.S. 978, 113 S.Ct. 1429, 122 L.Ed.2d 797 (1993) (overruling *Greenhow* to the extent *Greenhow* held that a Ninth Circuit panel may choose between the opposing lines of Ninth Circuit authority without calling for *en banc* review).

The present case may be distinguished from those cases in which the ALJ failed to state *any* reasons for rejecting the physician's opinion. *See Pitzer, supra; Winans, supra; Fife, supra.* Here, the ALJ did not ignore the legal requirement of a statement of reasons. The ALJ erred because at least some of the stated reasons are legally insufficient. Such good faith errors inevitably will occur. Reasonable judicial minds sometimes will disagree regarding proper application of the rather imprecise standard of "specific, legitimate" reasons. The *in terrorem* impact of automatic reversal [4] would be misdirected in the present case.

In some cases, automatic reversal would bestow a benefits windfall upon an undeserving, able claimant. The operative medical opinion may be flawed, baseless or otherwise erroneous. Nevertheless, under the rule in *Lester,* the opinion will trigger benefits whenever the ALJ's previously *stated* [5] reasons for rejecting the opinion fall short of the ill-defined "specific, legitimate" standard. A reviewing court should have discretion to avoid this inequitable result by remanding the case for further administrative proceed-

ings. Remand necessitates delay, but the cost of this delay should be balanced against the risk of an erroneous determination.

A final reason to prefer remand over reversal exists in the present case. The ALJ did not have an opportunity to evaluate the post-decisional report of Dr. Rice. The ALJ is in a better position than the Appeals Council or this Court to evaluate this late-submitted information. *See McAllister v. Sullivan,* 888 F.2d 599, 603 (9th Cir.1989).

LET JUDGMENT BE ENTERED ACCORDINGLY.

---

**4.** Automatic crediting of the treating physician's opinion regarding disability will be tantamount to automatic reversal in most cases of this type (including the present case). *But see Hammock v. Bowen,* 879 F.2d 498, 502, 504 (9th Cir.1989) (where improperly rejected treating physician's

opinion admitted the possibility the claimant could perform sedentary work, crediting of opinion required remand rather than reversal).

**5.** *See* footnote 2, *supra.*