NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH MONAN, | No. 09-15894 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00223-HRH |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration | MEMORANDUM<sup>*</sup> |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Submitted April 16, 2009<sup>**</sup>
San Francisco, California

Before: ARCHER,<sup>***</sup> CALLAHAN, and BEA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

Deborah Monan ("Monan") appeals the district court's judgment remanding her claim for disability and supplemental social security benefits for further proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

In granting Monan's motion for summary judgment, the district court concluded that the administrative law judge ("ALJ") had erred by improperly rejecting the opinions of Dr. Belmonte and Dr. Tromp. The court then concluded that the case was to be remanded for further proceedings. Monan challenges this determination on the ground that the proper course of action is to remand for payment of benefits.

We have set forth the following test for determining when evidence should be credited and an immediate award of benefits directed:

> "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."

*Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). We review the district court's decision to remand a case to the Commissioner for an abuse of discretion. *Id.* at 1173.

---

[1] The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

Even assuming that a finding of "disabled" were clear based on the opinions of Dr. Belmonte and Dr. Tromp, a remand would still be necessary in this case because the ALJ did not perform a proper drug and alcohol analysis ("DAA Analysis").

"'A finding of "disabled" under the five-step inquiry does not automatically qualify a claimant for disability benefits.'" *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (quoting *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)). "Under 42 U.S.C. § 423(d)(2)(C), a claimant cannot receive disability benefits 'if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Id.* "Under the implementing regulations, the ALJ must conduct a drug abuse and alcoholism analysis ("DAA Analysis") by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Id.* at 747. The DAA analysis must be performed after the ALJ has made the five-step disability determination. *See id.* In the present case, there was no determination of "disabled." Thus, while the ALJ discussed Monan's drug use, he could not have performed the mandated DAA absent a disability determination.

Additionally, it is possible that the ALJ did have legally sufficient, albeit unarticulated, reasons as to why he rejected the opinions of Dr. Belmonte and Dr.

3

Tromp that he could explain on remand. *Cf. Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990).

Because there is at least one outstanding issue that must be resolved before an award of disability benefits can be made, the district court properly remanded Monan's case for further proceedings.[2]

**AFFIRMED.**

---

[2] The Commissioner's motion to strike is denied.