**NOT FOR PUBLICATION**

MAY 27 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA K. STEWART,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>               Defendant - Appellee. | No. 12-15839<br><br>D.C. No. 2:11-cv-00451-NVW<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted April 11, 2014
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District
Judge.**

Debra Stewart ("Stewart") appeals the district court's order affirming the

decision of the Administrative Law Judge ("ALJ") to deny Stewart's application

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Kevin Thomas Duffy, District Judge for the U.S. District
Court for the Southern District of New York, sitting by designation.

for supplemental security income. We review the district court's order de novo. *See Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the judgment of the district court and remand for further proceedings.

Stewart challenges the district court's judgment on multiple grounds. We review "only the reasons provided by the ALJ in the disability determination and [we] may not affirm the ALJ on a ground upon which [she] did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). We are persuaded that the district court erred in its finding that: (i) the ALJ set forth specific, legitimate reasons based on substantial evidence for rejecting the opinion of Stewart's treating physician and (ii) the ALJ provided specific, clear, and convincing reasons to reject Stewart's subjective pain testimony. We reverse the judgment of the district court on those findings.

An ALJ is not bound by the medical opinion of a treating physician on the ultimate question of disability. However, if the ALJ rejects the opinion of the treating physician in favor of the conflicting opinion of an examining physician, the ALJ must make "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (citation and internal quotation marks omitted).

"The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citation and internal quotation marks omitted). Stewart's treating physician, Dr. Mahadevan, provided two written assessments stating that Stewart's fibromyalgia severely limited her ability to function and rendered her unable to work. The administrative record shows that the ALJ determined that if Dr. Mahadevan's assessments controlled, Stewart would be found disabled. The ALJ rejected Dr. Mahadevan's assessments in favor of a conflicting opinion rendered by Dr. Sosinsky, an examining physician, who found that Stewart was much less functionally limited and capable of working. The ALJ wrote that "[Dr. Mahadevan's] medical assessment was rejected as [it was] not supported by the overall medical evidence of record, including [her] own notes." The ALJ did not, however, identify any particular notes made by Dr. Mahadevan or any particular element of the assessments that should be rejected, and otherwise failed to set forth specific, legitimate reasons based on substantial evidence for rejecting Dr. Mahadevan's opinion. Therefore, we reverse the judgment of the district court on the sufficiency of the ALJ's rejection of the treating physician's opinion.

The ALJ also partially rejected Stewart's own testimony about the severity of her symptoms. An ALJ can reject a claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)); *see also Berry*, 622 F.3d at 1234 ("Once the claimant produces medical evidence of an underlying impairment, the [ALJ] may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence.") (citation and internal quotation marks omitted).

Here, the ALJ did not provide clear and convincing reasons for rejecting Stewart's subjective pain and symptom testimony, in part because the ALJ did not address Stewart's fibromyalgia-related limitations in assessing her credibility. It was error to sustain the ALJ's partial rejection of Stewart's testimony.

Stewart has asked us to apply the "credit-as-true" rule and remand the case for the determination of benefits. *See Smolen*, 80 F.3d at 1292. Although the ALJ concluded that if Dr. Mahadevan's assessments were credited, Stewart would be disabled, the ALJ did not determine when Stewart's disability began and "the evidence [Stewart] wants credited does not identify a particular onset date." *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010).

This record demonstrates that the district court erred in affirming the ALJ's denial of benefits. We therefore reverse the judgment of the district court and remand to the ALJ for further proceedings. *See Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (reversing and remanding when "there may be evidence in the record to which the ALJ can point to provide the requisite . . . reasons for disregarding [evidence] . . . .[and] the other [evidence] in the record seems substantially to support the ALJ's decision that [the plaintiff] is not disabled" (citation omitted)). As this court has stated, "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). In reconsidering the case, the ALJ may hold further hearings and receive additional evidence.

**REVERSED and REMANDED.**