Gerald McALLISTER,
Plaintiff–Appellant,

v.

Louis W. SULLIVAN,*
Defendant–Appellee.

No. 88–1595.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1989.

Decided July 24, 1989.

---

* Louis J. Sullivan is substituted for his predecessor, Otis R. Bowen, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

**1088**

Harvey P. Sackett, San Jose, Cal., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before FARRIS, THOMPSON and TROTT, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

In the district court, Gerald McAllister sought review of a decision of the Secretary of Health and Human Services denying his application for Social Security disability benefits. He claimed that the administrative law judge ("ALJ") improperly rejected the opinion of his treating physician. The district court granted summary judgment for the Secretary, affirming the administrative decision. McAllister appeals. We remand for further proceedings.

## FACTS AND PROCEEDINGS

McAllister was born in 1953, has a college degree and has completed less than one year of studies toward a Masters degree in economics. He has worked as a truck driver, dishwasher, machine operator and office clerk. He last regularly worked for pay in December 1979, although between November 1984 and August 1985 he worked in a sheltered workshop for mentally disabled people, where he did assembly work and got paid based on production. In addition, McAllister periodically did volunteer work in 1984 and 1985, which included entering computer data and teaching retarded youths to swim.

McAllister has a history of emotional problems caused by a personality disorder. His primary difficulty is inability to cope with stress caused by interaction with others, including a reaction of urinary incontinence when faced with perceived criticism or hostility. In the past, he has also suf-

fered from neurological problems, resulting in involuntary arm movements and inability to walk in a straight line. He has received psychological counseling since 1979.

McAllister applied for disability benefits in October of 1983.[1] Upon denial of his application, McAllister filed a request for a hearing. The first of two administrative hearings was held before an ALJ on June 28, 1984 ("1984 hearing"). The ALJ found McAllister capable of performing his past work and therefore ineligible for disability benefits. After exhausting administrative appeals, McAllister sought review in the United States district court.

Pursuant to stipulation of the parties, the district court remanded the case to the Secretary for further consideration of McAllister's mental impairment under revised criteria promulgated after the passage of the 1984 Disability Benefits Reform Act. A supplemental administrative hearing ("1986 hearing") was held on June 5, 1986 before a different ALJ. This ALJ, like the first, concluded that McAllister could perform his past work and thus was "not under a 'disability' as defined in the Social Security Act at any time through the date of decision." The Appeals Council adopted the recommended decision of the ALJ as the final decision of the Secretary of Health and Human Services on September 22, 1986.

McAllister thereafter renewed his action in the district court. On January 11, 1988 the district court issued an order granting the Secretary's motion for summary judgment and dismissing McAllister's complaint. McAllister timely appealed.

The district court's jurisdiction to review the final decision of the Secretary was based upon 42 U.S.C. § 405(g). We have jurisdiction pursuant to 28 U.S.C. § 1291.

## DISCUSSION

We review the district court's grant of summary judgment de novo. *Davis v. Heckler*, 868 F.2d 323, 325 (9th

---

1. McAllister had previously submitted an application for disability benefits in April 1983. That application was denied and McAllister did not appeal.

Cir.1989). In reviewing the ALJ's denial of disability benefits, we will affirm if the findings are supported by substantial evidence and the Secretary applied the correct legal standards. *Id.* Substantial evidence means "more than a mere scintilla", *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), but "less than a preponderance", *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir.1988). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427. In determining whether there is substantial evidence to support the ALJ's decision, we are required to review the administrative record as a whole, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Davis v. Heckler,* 868 F.2d at 326.

## A. *Rejection of Treating Physician's Opinion*

At issue in this appeal is whether the ALJ properly rejected McAllister's treating physician's opinion that McAllister was disabled. At the 1984 hearing before the first ALJ, McAllister's treating psychologist, Jack Nidever, Ph.D., opined that McAllister was fully disabled for employment due to his psychological problems. At the 1986 hearing before the second ALJ, Shingsan Chou, M.D., a psychiatrist, appeared as a medical advisor, and while agreeing that McAllister had impairments related to his personality disorder, in Dr. Chou's opinion McAllister could be gainfully employed at the kind of low-stress jobs he had held in the past.

Where, as in this case, the treating physician's opinion is contradicted by that of another doctor and the ALJ wishes to disregard the opinion of the treating physician, the ALJ must set forth "specific, legitimate reasons for doing so that are

based on substantial evidence in the record." *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir.1983); *Davis v. Heckler,* 868 F.2d at 326. The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual. *Davis v. Heckler,* 868 F.2d at 326.[2]

■ After the 1986 hearing, the ALJ gave the following reasons for disregarding the opinion of McAllister's treating physician,[3] Dr. Nidever:

> The undersigned does not find the testimony of Dr. Nidever at the [1984 hearing] to be probative. He appears to have acted as an advocate on behalf of the claimant and he has given an outlandish prognosis and then continued to treat the claimant. Dr. Nidever's report and earlier testimony are entirely contrary to the clinical findings in the record and the claimant's activities and interests, which do not suggest the existence of a serious psychiatric impairment which would preclude all work activity. The undersigned notes that Dr. Nidever has relied on self-serving statements.

In essence, the ALJ based his decision on Dr. Nidever's credibility, or lack of it.

■ The Secretary has discretion to resolve questions of credibility and conflicts in testimony. *Hammock v. Bowen,* 867 F.2d 1209, 1213 (9th Cir.1989). However, the above-quoted reasons given by the ALJ for disregarding Dr. Nidever's opinion are broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed. *Cf. Embrey v. Bowen,* 849 F.2d 418, 421 (9th Cir.1988) (ALJ must do more than offer his conclusions). Moreover, the statement that Dr. Nidever's report and testimony are "entirely contrary" to the clinical findings is not supported by substantial evidence in the

---

2. In this case, for example, Dr. Chou never examined McAllister personally, nor did he hear or read the transcript of Dr. Nidever's testimony at the 1984 hearing. Instead, he based his conclusions on reports in the record and McAllister's general appearance at the 1986 hearing.

3. Dr. Nidever is a psychologist. Licensed or certified psychologists are "acceptable medical sources" of disability evidence. 20 C.F.R. § 404.1513(a)(3). Hence, although not a licensed *medical* doctor, Dr. Nidever is regarded as a treating "physician" for purposes of our analysis.

record. Rather, the clinical findings uniformly indicate that McAllister has a personality disorder which constrains his ability to function in a work environment with other people. Even Dr. Chou, the medical advisor upon whom the ALJ relied, agreed that McAllister was impaired in a manner which limited his ability to work. Dr. Chou's analysis differed only regarding the degree of impairment, not its existence. *See Hammock v. Bowen,* 867 F.2d at 1213. Nor is Dr. Nidever's opinion of necessity contradicted by McAllister's "activities and interests." For example, McAllister testified that he was able to perform volunteer work because he felt free to leave at any time, a plausible explanation for his ability to hold such jobs but not gainful employment.

■■■■ Neither is there support in the record for the conclusion that Dr. Nidever's prognosis was "outlandish." As previously noted, the medical advisor, Dr. Chou, opined that McAllister's ability to work was restricted. In addition, reports in the record from Alan M. Clarke, M.D., a psychiatrist, indicated that McAllister's problem was "deep-seated," and that "the extremely strong and lifelong need to avoid hostile situations is quite clear in this case." Further, Suzanne Stoterau, M.D., a psychiatric resident, diagnosed McAllister as having a severe personality disorder with potential for psychosis. These reports are not inconsistent with Dr. Nidever's view that:

.... Nobody can say anything to [McAllister] and the first time a customer says anything slightly wrong to him, he'd be all over the customer himself explosively, if the boss said anything to him he would be stunned and he would fall in a panic. If anybody told him to change what he was doing he really wouldn't be able to change it, he's just not adaptable enough at this point, in my perception, to work for anybody.

Thus, the ALJ's general conclusions regarding Dr. Nidever's credibility were, at the very least, too broadly stated. Our cases require "specific, legitimate" reasons for disregarding the testimony of a treating physician. No such reasons have been offered here. This failure requires reversal. *Hammock v. Bowen,* 867 F.2d at 1213.

■■ The decision whether to remand for further proceedings or simply to award benefits is within the discretion of this court. *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1987). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981).

Here we believe a remand for further proceedings is appropriate. There may be evidence in the record to which the Secretary can point to provide the requisite specific and legitimate reasons for disregarding the testimony of McAllister's treating physician. Then again, there may not be. In any event, the Secretary is in a better position than this court to perform this task.[4]

## B. *New Evidence*

■■ McAllister presented to the district court a report by Charles M. Shon, M.D., dated April 16, 1987. The district court did not consider the report in rendering its decision because it determined that McAllister had not demonstrated "good cause" for failing to submit this new evidence at the 1986 hearing. We agree with the district court that McAllister has offered no reason for failing to request the report from Dr. Shon until after the ALJ had rendered his adverse decision. The district court properly refused to order the Secre-

---

**4.** We note the record in this case is complicated by the fact that there were two separate hearings before different ALJs. The decision of the second ALJ did not state to what extent, if any, reliance was placed upon any credibility determinations by the first ALJ. For example, Dr.

Nidever did not testify at the 1986 hearing before the second ALJ. In assessing Dr. Nidever's testimony, the second ALJ had only the transcript of Dr. Nidever's testimony during the 1984 hearing.

tary to consider this evidence. *See* 42 U.S.C. § 405(g) and *Allen v. Secretary of Health and Human Services,* 726 F.2d 1470, 1473 (9th Cir.1984).

### CONCLUSION

The district court's decision refusing to order the Secretary to consider new evidence is affirmed. The judgment of the district court affirming the Secretary's denial of benefits is reversed. The case is remanded to allow the Secretary to review the record and attempt to provide specific and legitimate reasons, based upon substantial evidence, for disregarding the report of McAllister's treating physician. Alternatively, the Secretary may decide to award benefits. In reconsidering the case, the Secretary may hold further hearings and receive additional evidence. The parties shall bear their own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.