963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James BUCK, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Defendant-Appellee.
 No. 91-15630.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1992.*
Decided May 18, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Buck appeals from the judgment of the district court affirming the Secretary's denial of his application for Supplemental Security Income Benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review the judgment of the district court de novo, but we will disturb the Secretary's denial of benefits only if the Secretary's decision is not supported by substantial evidence or is based on legal error. See McAllister v. Sullivan, 888 F.2d 599, 601 (9th Cir.1989). We review the record as a whole and we will consider both adverse and supporting evidence. Id. at 602.
 
 II
 
 4
 Buck's sole argument on appeal is that the Secretary erred as a matter of law when he failed to follow Social Security Ruling 83-12, which states in part that "[u]nskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS [vocation specialist] should be consulted to clarify the implications for the occupational base." Buck argues that SSR 83-12 binds the Secretary to conclude, without calling a vocational expert, that Buck is disabled because he must alternate between sitting and standing.
 
 
 5
 Buck's claim lacks merit. As we previously indicated in Gallant v. Heckler, 753 F.2d 1450, 1457 (9th Cir.1984), the language of SSR 83-12 specifically directs the ALJ to consult a vocational expert in those cases in which the claimant must alternate between sitting and standing. The vocational expert can then testify as to whether the claimant, given his limitations, still can engage in other types of substantial gainful employment that exist in the national economy.
 
 
 6
 The ALJ in this case properly followed the language of SSR 83-12 and consulted a vocational expert. The vocational expert testified that Buck has the ability to perform substantial gainful activity existing in significant numbers in the national economy. Buck does not dispute the accuracy or validity of the vocational expert's testimony. As such, we hold that the ALJ properly adhered to SSR 83-12, and properly heeded the testimony of the vocational expert in determining that Buck was not disabled.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3