985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred CURTIS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-56487.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Jan. 27, 1993.
 
 1
 Before D.W. NELSON and REINHARDT, Circuit Judges, and CALLISTER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 INTRODUCTION
 
 3
 Alfred Curtis appeals a denial of his request for Social Security disability insurance benefits, and argues that the decision of the Secretary of Health and Human Services ("Secretary") is not supported by substantial evidence. We agree and reverse.
 
 STANDARD OF REVIEW
 
 4
 The District Court granted summary judgment to the Secretary on the ground that the Secretary's decision was supported by substantial evidence. We review this decision de novo. Young v. Sullivan, 911 F.2d 180, 183 (9th Cir.1990). In reviewing the denial of disability benefits, we review the findings to make sure the Secretary applied the correct legal standards, and review the entire record to insure that the findings are supported by substantial evidence. Id.
 
 
 5
 Substantial evidence means more than a mere scintilla but less than a preponderance. McAllister v. Sullivan, 888 F.2d 599, 601-02 (9th Cir.1989). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 6
 Alfred Curtis was born on April 11, 1962, making him twenty-seven at the time of his last hearing before the Secretary. He is married with four small children, and has completed high school and one year of college.
 
 
 7
 Curtis previously worked as a teacher in an adult basic education and GED program, and has been a counselor in a vocational rehabilitation program. His past employment also included agricultural field labor and dishwashing.
 
 
 8
 On October 6, 1987, Curtis filed an application for disability insurance benefits, stating that he had not worked since August 26, 1987, because of various ailments including diabetes, hypertension, obesity, and kidney problems. His claim was denied by an Administrative Law Judge ("ALJ") on October 20, 1988. Thereafter, Curtis submitted neurological evidence raising the issue of a mental impairment that extended back to the date of his disablement, August 26, 1987.
 
 
 9
 On March 27, 1989, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ for further proceedings to take into account this neurological evidence. A second hearing was held before the ALJ on June 14, 1989. The ALJ again denied the claim, and this became the final decision of the Secretary when the Appeals Council denied a request for review by Curtis.
 
 
 10
 Curtis then filed a complaint with the District Court seeking review of the Secretary's decision. The District Court affirmed the Secretary's decision, and Curtis appealed. At oral argument before us on October 6, 1992, it was revealed for the first time that the Secretary had earlier reversed in part its decision denying benefits. In a letter dated December 4, 1991, the Secretary found that Curtis was disabled and that his period of disability began on September 15, 1990.
 
 
 11
 The Secretary's reconsideration did not, however, fully satisfy Curtis, and his counsel argued that the issue now was whether the period of disability began August 26, 1987, rather than September 15, 1990.
 
 ANALYSIS
 
 12
 Although the issue of the disability date was not directly addressed by the ALJ, that issue is an integral part of this appeal, and does not constitute a new matter requiring Curtis to go back through his administrative remedies. The parties have spent much time and expense compiling an extensive record that contains everything necessary to determine the date of disability. Curtis has exhausted the Secretary's review process, going through two different evidentiary hearings almost a year apart. It would be unnecessary, futile, and even perverse to send him back for a third. We therefore find that Curtis has exhausted his administrative appeals, and that the Secretary's decision setting the date of disability as September 15, 1990 is now before us for review.
 
 
 13
 By its letter of December 4, 1991, the Secretary has now decided that Curtis is disabled. To reach that decision under the extensive record compiled here, the Secretary must have accepted the testimony of Curtis' treating psychologist, Dr. Louis Blumberg, that Curtis suffers a completely disabling mental impairment. Dr. Blumberg's testimony was indispensable to a finding that Curtis was disabled.
 
 
 14
 In a letter dated May 30, 1989, Dr. Blumberg stated that Curtis had been disabled since September 16, 1988. But Dr. Blumberg picked that date simply because it was the date that Dr. Blumberg first started treating Curtis. In fact, the evidence clearly established that Curtis' disabling mental impairment began much earlier.
 
 
 15
 Curtis testified that a seizure disorder and depression have prevented him from working since August 26, 1987. The evidence established that Curtis had suffered from that seizure disorder since he was twelve years of age. This disorder caused him to suffer from both Petite Mal (staring into space) and Grand Mal (spasms and loss of consciousness) seizures. An electroencephalographic ("EEG") evaluation performed on March 9, 1988, by a neurologist, Dr. Thomas Tartaro, revealed abnormalities in Curtis' brain waves consistent with such a seizure disorder. On April 26, 1988, Dr. Sol Reisin wrote a letter indicating that he was treating Curtis, and that Curtis was suffering from a seizure disorder that would be disabling for six months. Dr. Blumberg found that this seizure disorder caused significant mental impairment.
 
 
 16
 The evidence from Drs. Blumberg, Tartaro, and Reisin clearly establishes that Curtis had a disabling seizure disorder more than two years before the disability onset date set by the Secretary--September 15, 1990. When this evidence is combined with Curtis' own testimony that his disabled condition has kept him from work since August 26, 1987, there is substantial evidence to support a finding that August 26, 1987, was the date of disability onset. There is not substantial evidence to support the Secretary's decision that the period of disability began September 15, 1990. The Court therefore REVERSES the decision of the Secretary and REMANDS this case for the payment of benefits, calculated on the basis that the period of disability for Curtis began on August 26, 1987.
 
 
 
 *
 The Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3