993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sue V. IREY, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services Defendant-Appellee.
 No. 91-56335.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided May 12, 1993.
 
 1
 Before NOONAN and TROTT, Circuit Judges, and FITZGERALD**, District Judge
 
 
 2
 MEMORANDUM***
 
 
 3
 Sue V. Irey appeals the district court's grant of summary judgment in favor of the Secretary of Health and Human Services. We affirm.
 
 FACTS AND PROCEEDINGS
 
 4
 On June 6, 1988, Irey applied for disability benefits under Title II of the Social Security Act. She claimed that she had been unable to work since January 18, 1985 due to chronic Epstein-Barr syndrome, myalgia, intermittent anorexia, cardiac irregularity, mitral valve prolapse, chronic lumbar syndrome and chronic fatigue syndrome. The Secretary denied her claim, so she sought a hearing before an Administrative Law Judge (ALJ).
 
 
 5
 Prior to her alleged disability Irey worked as a secretary and as a financial clerk. She has a high school education, vocational training and is married.
 
 
 6
 Irey's alleged disability began when she left work on January 18, 1985 because she felt sick with the flu. Since that time she has been examined by a number of doctors. Some of the doctors diagnosed Irey as suffering from Epstein-Barr disease or chronic fatigue syndrome; however, no doctor concluded that Irey was totally disabled due to a physical condition. Two doctors, Dr. Killeen and Dr. Shelter, believed that Irey was totally disabled due to depression. Other doctors found that Irey had depressive symptoms, but they did not diagnose her as totally disabled. Dr. Killeen was Irey's internist and treating physician, while Dr. Shelter examined Irey once.
 
 
 7
 At Irey's hearing before the ALJ, two doctors testified that Irey was not disabled. Dr. Schillaci, an internist, questioned the Epstein-Barr and chronic fatigue syndrome diagnoses, and Dr. Paxton, a psychiatrist, questioned Dr. Killeen's and Dr. Shelter's diagnoses of total disability due to depression. Drs. Schillaci and Paxton based their opinions on their review of Irey's medical records; they did not examine her themselves.
 
 
 8
 The ALJ sided with Drs. Schillaci and Paxton. He wrote,
 
 
 9
 Because Dr. Killeen is the claimant's treating physician and he has, therefore, had time to see the claimant over a long period of time, his opinion in his report of July 1988 that the claimant was totally disabled, has been given careful consideration. It is noted that Dr. Killeen did not furnish any clinical findings to support his decision that the claimant was totally disabled. Moreover, it is also noted that in May 1989, he rejected the diagnosis of Epstein-Barr syndrome. In fact, his reports indicate that he believes the claimant has a psychiatric problem. Since he is not a psychiatrist, his opinion that the claimant is totally disabled from work does not have as much probative value as the reports from the psychiatrists who have examined the claimant.
 
 
 10
 The Administrative Law Judge has also considered Dr. Paxton's disagreement with Dr. Shetler's diagnosis of severe, recurrent depression. It is noted that Dr. Shetler's one-shot examination did not reflect a review of the claimant's entire medical history, including abuse of drugs while Dr. Paxton's diagnosis was based on his review of all of the claimant's medical records. Thus, the undersigned is disposed to give greater weight to the opinion of Dr. Paxton.
 
 
 11
 He concluded that while Irey's emotional condition kept her from performing her past relevant work, she was capable of doing simple, repetitive tasks in a low-stress environment. After taking testimony from a vocational expert, the ALJ found that a significant number of jobs that Irey could perform existed in the economy, and he denied her benefits.
 
 
 12
 The Appeals Council declined to review Irey's case. She then appealed to the district court pursuant to 42 U.S.C. § 405(g). The district court granted the Secretary's motion for summary judgment, and this appeal followed.
 
 ANALYSIS
 
 13
 We review the district court's decision to grant summary judgment de novo. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). We also review the Secretary's decision to deny disability benefits to determine whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the correct legal standard. Id. Substantial evidence is more than a "mere scintilla" but less than a preponderance of evidence. Id.
 
 
 14
 Irey challenges the summary judgment on three grounds. First, she argues that the ALJ improperly dismissed Dr. Killeen's findings. Second, she argues that the ALJ's decision is not supported by substantial evidence. And third, she argues that the Secretary did not satisfy his burden of proving that Irey could perform a significant number of jobs that exist in the national economy. We disagree.
 
 
 15
 When the treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion of the treating physician, "the ALJ must set forth specific, legitimate reasons for doing so that are based on substantial evidence." McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989) (quotations omitted). However, "the ALJ need not accept a treating physician's opinion which is brief and conclusionary in form with little in the way of clinical findings to support [its] conclusions." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (quotations omitted). This statement from Magallanes perfectly describes Dr. Killeen's reports, which were based primarily on Irey's subjective complaints. In addition, the ALJ set forth sufficient reasons based on substantial evidence for disregarding Dr. Killeen's opinion.
 
 
 16
 We also find that the ALJ's decision is supported by substantial evidence. While the opinion of Dr. Killeen is entitled to substantial weight, see Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990), no one physician's opinion is dispositive of the ultimate issue of disability. See Magallanes, 881 F.2d at 751. As noted above, Dr. Killeen's reports were conclusory with little in the way of clinical support. Furthermore, the ALJ doubted Irey's credibility because he believed that she was motivated by the prospect of financial gain. He was entitled to make such a determination. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc).
 
 
 17
 Finally, we conclude that the Secretary met his burden of proving that jobs existed that Irey could perform. When, as here, a claimant proves that he or she cannot return to his or her past relevant work, "the burden then shifts to the Secretary to show that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience." Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir.1988). The Secretary can meet this burden either by applying the Medical-Vocational Guidelines (called the "grids"), or through the testimony of a vocational expert. Id. In Irey's case the ALJ heard the testimony of a vocational expert. His testimony was sufficient.
 
 
 18
 We AFFIRM the grant of summary judgment.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3