5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Greg L. GRAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services of
the United States, Defendant-Appellee.
 No. 91-36274.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1993.
Decided Aug. 31, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV 90-1423-WLD, William L. Dwyer, District Judge, Presiding.
 W.D.Wash.
 REMANDED.
 
 
 1
 Before: BEEZER and HALL, Circuit Judges, and ARMSTRONG,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Greg L. Gran brought this action pursuant to 42 U.S.C. Sec. 405(g) to challenge the final decision of the Secretary of Health and Human Services denying his applications for disability benefits and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act respectively. The district court granted summary judgment affirming the Secretary's denial of benefits. We remand for further proceedings.
 
 
 4
 In deciding whether to award disability benefits, the Administrative Law Judge ("ALJ") must give special weight to the opinion of a treating physician. Murray v. Heckler, 722 F.2d 499, 501-02 (9th Cir.1983). Where there are conflicting medical opinions, the ALJ cannot disregard the opinion of a treating physician without articulating, "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. at 502. The basis for this rule is that the treating physician is "employed to cure and has a greater opportunity to know and observe the patient as an individual." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir.1988). The rule encompasses treating psychologists in addition to medical doctors. McAllister v. Sullivan, 888 F.2d 599, 602 n. 3 (9th Cir.1989). The ALJ can meet the burden imposed by Murray by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986) (per curiam).
 
 
 5
 In the present case, the ALJ embraced the findings of one treating psychiatrist, Dr. Vandenbelt, while articulating reasons for rejecting the conclusions of a second psychiatrist, Dr. Davis. The ALJ made no mention, however, of two reports submitted by Dr. Freeman.
 
 
 6
 The record suggests that Dr. Freeman was a treating psychologist. He was employed by the claimant's treating organization, the Center for Human Services, which also employed Dr. Vandenbelt and Dr. Davis. His reports, dated November 17, 1988 and January 13, 1989, appear to have been prepared from the perspective of a treating psychologist.
 
 
 7
 Furthermore, Dr. Freeman's reports support a finding of disability. In his January 13, 1989 report, Dr. Freeman indicated a severe limitation on Mr. Gran's ability to respond appropriately to and tolerate the pressures and expectations of a normal work setting. Tr. 355. Dr. Freeman further indicated that he estimated Mr. Gran would remain severely impaired for two years. Tr. 356. Similarly, in his November 17, 1988 report, Dr. Freeman stated that Mr. Gran "is clearly unable to tolerate the pressure of employment at this point in time, and it is possible that he may never be able to tolerate full time employment."
 
 
 8
 Because the ALJ made no findings concerning Dr. Freeman's status as a treating physician, and failed to articulate legitimate reasons based on substantial evidence for rejecting Dr. Freeman's conclusions, this case must be remanded for further proceedings.
 
 
 9
 The ALJ also did not specifically indicate whether Dr. Davis was a treating physician.[1] However, the ALJ did articulate reasons for rejecting the conclusions of Dr. Davis. While several reasons were stated, the primary reason stated is that Dr. Davis's conclusions were based largely on Mr. Gran's own statements which the ALJ separately found to lack credibility. In Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989), this court accepted analogous reasoning. The ALJ in Fair rejected the conclusion of a treating physician who specialized in internal medicine because the conclusion was based on the claimant's subjective complaints instead of objective clinical findings. Fair teaches that an ALJ may reject a treating physician's testimony when more objective evidence is available.
 
 
 10
 However, the court is unaware of any authority extending Fair to a case involving psychiatric impairments. A diagnosis of mental disability necessarily relies upon the results of interviews with the patient. A "broken" psyche, unlike a broken bone, cannot be diagnosed by an x-ray. The record shows that Dr. Davis's conclusions were based on his interviews with Mr. Gran, and his review of Mr. Gran's entire treatment record at the Center for Human Services. Tr. 383. Unlike Fair, the ALJ has not pointed to any objective evidence justifying his rejection of Dr. Davis's diagnosis. Therefore, the case must be remanded so that the ALJ can properly resolve the conflicting medical testimony.
 
 
 11
 Accordingly, we REMAND the case to the Secretary for further proceedings consistent with this opinion.
 
 
 
 *
 Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record suggests that Dr. Davis was a treating physician because he replaced Dr. Vandenbelt at the clinic and because he submitted clinical notes from three sessions with Mr. Gran. However, the ALJ stated that Dr. Davis's report was prepared "primarily for the purpose of litigation, rather than for the purpose of treatment." Tr. 23