42 F.3d 1401
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian RAMO, Co-Personal Representatives of the Estate of
Luis J. Pardo Deceased, on behalf of said Estate of Luis J.
Pardo; Luis J. Pardo; Luis J. Pardo, Jr.; Dyanara Pardo,
a minor; and Julian L. Pardo, a minor., Plaintiff-Appellant,
v.
Donna SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-36054.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Nov. 15, 1994.
 
 Before: WOOD,** HUG, and TANG, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Julian S. Ramo, for Julian L. Pardo, appeals the district court's order affirming the decision of the Secretary of Health and Human Services ("Secretary") denying Pardo survivor's benefits under the Social Security Act. The district court found substantial evidence to support the administrative law judge's ("ALJ's") findings that Pardo was not a "child" of the deceased wage earner, Luis Pardo, as defined in 42 U.S.C. Sec. 416(h)(3)(C)(ii). The district court declined to consider whether Julian Pardo was a "child" as defined in 42 U.S.C. Sec. 416(h)(2)(A), stating that this issue had not been raised in the administrative proceedings. We reverse and remand to the district court with instructions to remand the cause to the Secretary for further proceedings consistent with this disposition.
 
 
 3
 The issue before us is whether the Secretary correctly determined that Julian Pardo is not a "child" of the deceased wage earner, Luis Pardo, under 42 U.S.C. Sec. 416(h). We review the Secretary's decision to determine whether it is based on proper legal standards and whether it is supported by substantial evidence in the record as a whole. McAllister v. Sullivan, 888 F.2d 599, 601 (9th Cir.1989).
 
 
 4
 42 U.S.C. Sec. 416(h) provides two methods for the Secretary to determine whether Julian Pardo is Luis Pardo's "child" for the purpose of obtaining Social Security benefits. 42 U.S.C. Sec. 416(h)(2) requires the Secretary to apply Washington state intestacy law. If Julian Pardo would be considered Luis Pardo's child under the Washington intestacy statute, then he is a "child" for purposes of Social Security. If the Secretary determines that Julian Pardo is not a "child" under Sec. 416(h)(2), then the Secretary must apply 42 U.S.C. Sec. 416(h)(3)(C)(ii). Under this subsection, the Secretary must determine whether satisfactory evidence indicates that Luis is Julian Pardo's father, and that Luis was living with Julian Ramo or contributing to her support before Julian Pardo was born.
 
 
 5
 The Secretary argues that this court is precluded from considering whether Julian Pardo is a "child" under 42 U.S.C. Sec. 416(h)(2)(A) because the claim was not presented to the ALJ. Generally this court does not consider an issue raised for the first time on appeal. Matney on behalf of Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992); Bolker v. Comm'r of Internal Revenue, 760 F.2d 1039, 1042 (9th Cir.1985). However, the ALJ in the present case did address the applicability of 42 U.S.C. Sec. 416(h)(2)(A) even though Ramo did not raise the issue. The ALJ stated, "Determination of family status is set forth in section 216(h)(2) [42 U.S.C. Sec. 416(h)(2) ], which provides for the application of such law as would be applied in determining the devolution of intestate personal property by the courts of the state in which the insured individual was domiciled at the time of his death." The ALJ went on to apply Washington law. Because the ALJ addressed the issue, it is not being considered for the first time on appeal even though Ramo did not specifically raise the issue before the ALJ. The court is not precluded from reviewing the ALJ's determination on this issue.
 
 42 U.S.C. Sec. 416(h)(2)(A) provides:
 
 6
 [T]he Secretary shall apply such law as would be applied in determining the devolution of intestate personal property ... by the courts of the State in which [the insured individual] was domiciled at the time of his death.... Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.
 
 
 7
 Because the Washington state intestacy statutes do not contain standards under which a child can prove that he or she is the "issue" of a deceased individual, the ALJ properly turned to the standards set forth in chapter 26.26, the Washington state codification of the Uniform Parentage Act. However, the ALJ's analysis of chapter 26.26 is in error. The ALJ stated:
 
 
 8
 Under Washington law, where there has been no marriage or attempted marriage, a parental relationship is accepted if the father receives the child into his home and openly holds out the child as his own or acknowledges paternity in writing filed with the registrar of vital statistics.
 
 
 9
 The ALJ then found that none of these means of establishing paternity had been satisfied.
 
 
 10
 Although the ALJ did not provide a citation, the criteria he sets forth are contained in Wash.Rev.Code Sec. 26.26.40(1)(a)-(e), a list of the situations that give rise to a presumption of paternity. Although the presumptions make a paternity determination easier, the existence of an unrebutted presumption is not the only means of establishing paternity in the state of Washington. A court making a paternity determination may consider evidence including:
 
 
 11
 (1) Evidence of sexual intercourse between the mother and alleged father at any possible time of conception;
 
 
 12
 (2) An expert's opinion concerning the statistical probability of the alleged father's paternity based upon the duration of the mother's pregnancy;
 
 
 13
 (3) An expert's opinion concerning the impossibility or the statistical probability of the alleged father's paternity based upon blood test results;
 
 
 14
 (4) Medical or anthropological evidence relating to the alleged father's paternity of the child based on tests performed by experts....
 
 
 15
 (5) All other evidence relevant to the issue of paternity of the child.
 
 
 16
 Wash.Rev.Code Sec. 26.26.110. Additional requirements for admissibility of blood tests are set forth in Wash.Rev.Code Sec. 26.26.100.
 
 
 17
 The ALJ erred in his legal analysis by considering only the presumptions of paternity to determine whether Luis and Julian Pardo had a father-child relationship under Washington law. Because the ALJ applied the Washington statutes incorrectly, we remand the cause to the district court with the instruction that it be remanded to the Secretary for further proceedings. We remand because " 'additional proceedings can remedy defects in the original administrative proceedings.' " McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.1989) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981)). On remand, the ALJ must apply Wash.Rev.Code ch. 26.26 to determine whether Luis is Julian Pardo's father. The ALJ should receive any additional evidence relevant to the paternity determination. Thereafter, the ALJ should consider all of the evidence that is admissible to establish paternity in the state of Washington, as set forth in Wash.Rev.Code Sec. 26.26.110, and evaluate the blood test under the standards set forth in Sec. 26.26.100. Further proceedings are not precluded by Luis' death because a paternity action can occur after the putative father's death. Rabb v. Estate of McDermott, 803 P.2d 819, 822 (Wash.App.1991).
 
 
 18
 Ramo appears to believe that remand is unnecessary. She asserts that the result of the blood test, indicating a probability of paternity of 99.993 percent, is enough to establish paternity under Washington law. Ramo refers to State ex rel. Wise v. Taylor, 828 P.2d 1143, 1144 (Wash.App.1992), in which a Washington court of appeals stated that the 99.55 percent probability of paternity indicated by a blood test, "when not contraindicated by other evidence ..., far exceeds the applicable standard of proof by a preponderance of the evidence." However, the court in Wise also stated that a trial court "should not consider the scientific evidence if there is no other evidence that the alleged father had intercourse with the mother during the conception period." Id. at 1145. See also State ex rel. Coyle-Reite v. Reite, 728 P.2d 625, 627 (Wash.App.1986) (evidence supports finding that alleged father is natural father of child where there is uncontradicted testimony by mother and putative father to requisite sexual contact during the appropriate time period, mother testified to lack of other partners during this period, and blood tests indicate it is "highly likely" that alleged father was natural father). We conclude that remand is necessary in order to provide the ALJ with the opportunity to consider all of the evidence relevant to a paternity determination.
 
 
 19
 The criteria contained in Sec. 416(h)(3)(C)(ii) apply only if the ALJ should conclude that Julian Pardo does not meet the criteria of Sec. 416(h)(2)(A). See 42 U.S.C. Sec. 416(h)(3)(C)(ii). In the application of Sec. 416(h)(3)(C)(ii), the ALJ should consider all of the available evidence including any newly submitted evidence that may be relevant to the determination.
 
 
 20
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3