77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary L. LLOYD, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 94-35697.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided Feb. 6, 1996.
 
 Appeal from the United States District Court, for the District of Montana, D.C. No. CV-92-00155-JDS; Jack D. Shanstrom, District Judge, Presiding.
 D.Mont.
 REVERSED.
 Before: BOOCHEVER, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary L. Lloyd's application for Supplemental Security Income ("SSI") benefits was denied initially and upon reconsideration. After a hearing, an Administrative Law Judge ("ALJ") also concluded that Lloyd was not disabled, and an Appeals Council declined to review the ALJ's decision. Lloyd then filed an action in district court. His case was referred to a United States Magistrate Judge who, after briefing, concluded that the Commissioner's decision as a whole was based on substantial evidence, and recommended that the district court grant the Commissioner's motion for summary judgment. Lloyd objected to the magistrate's findings. After considering Lloyd's objections, the district court granted the Commissioner's motion. Lloyd appeals, and we reverse and remand.
 
 DISCUSSION
 
 3
 A claimant seeking SSI benefits is eligible as a disabled person only if his physical or mental impairments are so severe that "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). 20 C.F.R. § 416.920 sets out a five-step procedure for determining disability. This case involves only the fifth and final inquiry: whether Lloyd, who cannot perform his past work, can perform any other work existing in significant numbers in the national economy. Id. at (f); see Quang Van Han v. Bowen, 882 F.2d 1453, 1456 (9th Cir.1989).
 
 
 4
 This court considers the district court's decision, but "must make a full review of the facts and an independent determination of the Secretary's findings." Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). We overturn the Commissioner's decision to deny benefits only if it is not supported by substantial evidence, which is "more than a mere scintilla," but "less than a preponderance." Id. (quotations omitted). The reviewing court must consider the entire record, weighing the evidence that supports and that which detracts from the Commissioner's decision. Id.
 
 I. Credibility determinations
 
 5
 In his decision, the ALJ found that Lloyd's testimony was not credible, stating "the claimant's limitations as alleged by hi[s] ... testimony is [sic] overstated." The magistrate's report noted that the ALJ's reasons for discounting Lloyd's testimony were in error, because the inconsistencies the ALJ identified were based on factual misunderstandings. Nevertheless, the report concluded that even accepting all of Lloyd's testimony as credible, there was substantial evidence to support the ALJ's decision.
 
 
 6
 The ALJ must provide "specific, cogent reason[s] for the disbelief" of Lloyd's testimony. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir.1990). In this case, the ALJ's specific reasons for discrediting the testimony were based on his erroneous interpretation of other facts in the record. This error in the ALJ's credibility determination requires reversal of his credibility finding.
 
 II. The ALJ's hypothetical question
 
 7
 When a claimant cannot return to his previous job, the burden of proof shifts to the Commissioner to show that the claimant can do other types of substantial, gainful work that exists in the economy. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995). "Without other reliable evidence of a claimant's ability to perform specific jobs, the Secretary must use a vocational expert to meet that burden. Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988). The vocational expert's opinion about the jobs a claimant can still perform has no evidentiary value if the hypothetical does not contain all the impairments supported by the record. DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir.1991); Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir.1993).
 
 
 8
 Lloyd claims that the vocational expert's conclusion that he could perform a variety of unskilled jobs was of no evidentiary value, because the ALJ's hypothetical to the vocational expert did not include his intellectual limitations. While Lloyd acknowledges that the ALJ did state that any job the expert might identify would have to be a "low stress, low pace type of position that would not involve complex instructions or complex sequence of tasks to complete," he complains that the ALJ should also have mentioned his restricted reading and writing abilities, his hypertension, and his borderline I.Q. Lloyd also contends that the ALJ should have included his employers' testimony that he needed constant repetition of simple instructions.
 
 
 9
 We agree that the hypothetical posed by the ALJ was insufficient. The ALJ did mention Lloyd's inability to perform complex tasks or a complex series of simple tasks, and his need to avoid stressful situations. The ALJ did not address, however, the effects of Lloyd's intellectual limitations on his ability to work, because he did not specifically refer to Lloyd's low IQ and low reading skills, and did not require the vocational expert to consider the effects of those intellectual limitations on Lloyd's ability to work. Because the hypothetical does not refer to Lloyd's borderline intelligence, it would be possible to read the hypothetical, standing alone, to describe a poorly sighted but intelligent high school graduate, who for other reasons needed a low-stress environment without complex instructions. The hypothetical thus did not reflect Lloyd's mental impairment.
 
 
 10
 We hold that the hypothetical did not sufficiently include all of Lloyd's limitations and restrictions. The vocational expert's list of jobs that Lloyd could do thus was not evidence of Lloyd's capacity to do substantial gainful work. We note that it is difficult to believe that Lloyd, despite his poor eyesight, could perform auto detailing and janitorial work, two of the occupations suggested, but could not do his past work as a car washer. When all of Lloyd's limitations are considered, it is highly questionable whether he could perform the other occupations suggested by the expert.
 
 
 11
 Because the expert's answer upon which the ALJ relied had no evidentiary value, we must remand for reconsideration. Varney v. Secretary of HHS, 846 F.2d 581, 585 (9th Cir.), amended on rehearing, 859 F.2d 1396 (9th Cir.1988).
 
 III. Nature of remand
 
 12
 The issue remaining is whether to remand for further proceedings or merely for the awarding of benefits to Lloyd. It is within our discretion whether to remand for further proceedings or simply to award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded [for further proceedings]." Id. (quotations omitted).
 
 
 13
 No further proceedings are necessary on the issue of Lloyd's credibility. The ALJ cited specific reasons for disbelieving the testimony, reasons which were based on a misunderstanding of the record. While further proceedings may be appropriate in cases where the ALJ failed to cite his reasons for disbelieving testimony, see id., it is unnecessary to hold a rehearing on the credibility issue when, as in this case, the reasons cited for doubting the claimant's testimony are erroneous.
 
 
 14
 Further proceedings would be helpful, however, in answering the question whether Lloyd, who cannot perform his past work, is able to perform any other job existing in significant numbers. This question has not been answered, as the hypothetical question posed to the vocational expert did not accurately reflect Lloyd's limitations. This is not a case in which the hypothetical was amended to include all of the claimant's limitations, and was again posed to the vocational expert. See Varney v. Secretary of HHS, 859 F.2d 1396, 1400 (9th Cir.1988) (no need for further proceedings when claimant's attorney amends hypothetical and vocational expert indicates that under amended hypothetical claimant would be unemployable). It is therefore not clear whether the vocational expert would identify jobs that Lloyd could perform in response to a properly phrased hypothetical. The Commissioner is in a better position than this court to evaluate responses to a properly posed hypothetical. See Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir.1990).
 
 
 15
 We therefore REVERSE and REMAND to the district court, with instructions to remand to the Commissioner for a determination of vocational ability that accurately reflects all of Lloyd's limitations. See Andrews, 53 F.3d at 1044. If, taking all of Lloyd's testimony about his limitations as true, there is not substantial evidence indicating that, despite his limitations, Lloyd can perform gainful work existing in significant numbers in the economy, Lloyd's application should be granted. Upon remand the Commissioner must decide whether it is feasible to recall the expert witness or, in the alternative, whether Lloyd's application should be granted forthwith.
 
 
 16
 REVERSED AND REMANDED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala as the defendant. For ease of reference, the term Commissioner is used throughout the disposition
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3