91 F.3d 155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian SPRINGER, Plaintiff-Appellant,
v.
Shirley S. CHATER,** Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-35212.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1996.*
Decided July 18, 1996.
 
 1
 Before: FERGUSON and BRUNETTI, Circuit Judges, and KING,*** District Judge.
 
 
 2
 MEMORANDUM****
 
 
 3
 Brian Springer appeals the district court's order, which reversed the Commissioner of the Social Security Administration's final order and remanded for further proceedings. The only issue presented in this appeal is whether the district court absued its discretion by remanding the present case for additional proceedings instead of remanding it for the immediate payment of social security benefits.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. § 1291. We hold that the district court did not abuse its discretion.
 
 DISCUSSION
 
 5
 An abuse of discretion is "a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as they are found." International Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir.1993). Under this standard of review, this court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment. Washington State Dep't of Transp. v. Washington Natural Gas Co., 59 F.3d 793, 805 (9th Cir.1995).
 
 
 6
 The Social Security Act provides that certain individuals who are "under a disability" shall receive disability benefits. 42 U.S.C. § 423(a)(1)(D). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A). A claimant will be found disabled only if the impairment is so severe that, considering age, education, and work experience, that person cannot "engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).
 
 
 7
 A claimant's disability is evaluated following a five-step sequential evaluation. 20 C.F.R. 404.1520(a); Bowen v. Yuckert, 482 U.S. 137, 140 (1987). At the first step the Commissioner considers whether the claimant engaged in substantial gainful activity after the alleged onset date of his disability. If so, benefits are denied. 20 C.F.R. § 404.1520(b). At the second step, the Commissioner determines whether the impairment is severe. 20 C.F.R. § 404.1520(c). At the third step, the Commissioner considers whether the claimant's impairment meets or equals the medical listings contained in 20 C.F.R. § 404, Subpart P, Appendix 1. If a claimant meets the listing or his condition is the medical equivalency, he is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.925; Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir.1990). If the claimant does not meet the listing criteria, then the evaluation proceeds to step four, in which the Commissioner determines whether the claimant's impairment prevents him from performing the work he performed in the past. 20 C.F.R. § 404.1520(e). If the claimant is unable to perform his past work, then at step five, the Commissioner bears the burden to establish that the claimant can engage in other substantial gainful activity in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520(f).
 
 
 8
 In the present case, the Administrative Law Judge ("ALJ") determined at step three that Springer's disability was not of listing severity and that Springer could perform his prior work as a lumber sorter or stacker. Springer appealed his denial of benefits to the Appeals Council and subsequently to the district court. On appeal the district court concluded that the ALJ's finding that Springer's disabilities are not of listing severity was not supported by substantial evidence. The court remanded the case for further proceedings for the following reasons:
 
 
 9
 First, the evidence is conflicting whether Mr. Springer's disabilities are of listing severity. Dr. Ozwoeld testified that they are, while Dr. Wimmers evaluation (based on doctor McConochie's examination and report) concludes that they are not.
 
 
 10
 Second, the ALJ may be able to provide legitimate reasons favoring the opinions of Drs. McConochie and Wimmers over those of Drs. Kurleychek and Baldwin.
 
 
 11
 Third, because the ALJ concluded that Mr. Springer could perform his past relevant work, the ALJ did not consider whether Mr. Springer can perform other work in the national economy. Thus, the record is not fully developed and remand is appropriate.
 
 
 12
 In social security cases, the decision to remand to the Commissioner for further proceedings or simply to award benefits is within the discretion of the court. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir.1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal and an award of benefits is appropriate." Id. (citation omitted).
 
 
 13
 Springer argues that the district court abused its discretion when it remanded the case because: (1) the evidence is uncontradicted and supports finding Springer presumptively disabled at step three in the sequential analysis; or (2) in the alternative, Springer must be found disabled at step five since the record is fully developed.[1]
 
 
 14
 First, Springer asserts that Dr. Ozwoeld, a non-examining physician who testified at the hearing, established that Springer's disabilities equaled the listings under 12.05 for mental retardation and autism. 20 C.F.R. § 404, Subpart P, Appendix 1. Springer premises his argument on the district court's finding that the ALJ mischaracterized Dr. Ozwoeld's testimony. Springer argues that Dr. Ozwoeld's testimony is uncontradicted and therefore must be accepted as true as a matter of law. Moreover, if this testimony is accepted as true, then Springer contends he is presumptively disabled at step three and there is no reason to remand for further proceedings.
 
 
 15
 The only issue before us is whether the district court abused its discretion in ordering that the case be remanded for further proceedings. Contrary to Springer's assertions, there is no Ninth Circuit precedent requiring the district court to credit Dr. Ozwoeld's opinion and to remand for payment of benefits. Nonetheless, it is true that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' " Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995) (quoting Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989)). However, it does not logically follow that the opinion of a non-examining physician, such as Dr. Ozwoeld, is credited as a matter of law. In fact, we accord less weight to the opinion of a non-examining physician than to that of an examining or treating physician. Id. at 830.
 
 
 16
 In the present case, there were three examining physicians--Drs. Baldwin, Kurleychek, and McConochie--and two non-examining physicians--Drs. Ozwoeld and Wimmers. The ALJ failed to articulate the reasons that he favored the opinions of Dr. McConochie, an examining physician, and Dr. Wimmers, a non-examining physician, over the opinions of the other three doctors. It is clear from the record that the medical evidence from the five doctors is conflicting. Additionally, Dr. Ozwoeld's opinion, the one on which Springer would like us to rely, could be construed as equivocal.[2] The general rule is that conflicts in the evidence are to be resolved by the Commissioner. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987). Moreover, where the Commissioner is in a better position than this court to evaluate the evidence, remand is appropriate. Marcia, 900 F.2d at 176. The district court remanded to allow the ALJ to explain his reasons for discounting the opinions of two of the three examining physicians. This was not an abuse of discretion.
 
 
 17
 Second, Springer contends, in the alternative, that the record is fully developed on the step five inquiry and therefore remand is inappropriate. See Varney v. Secretary of Health & Human Serv., 859 F.2d 1396, 1399 (9th Cir.1988) ("Generally, we direct the award of benefits in cases where no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed.") Because we find that the district judge did not abuse his discretion in deciding to remand the case based on the conflicting medical evidence, we need not decide whether the record was fully developed at step five.
 
 CONCLUSION
 
 18
 The decision of the district court to remand the case for further proceedings is AFFIRMED. Appellant's request for attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 40(b)(1) is DENIED.
 
 
 
 **
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this disposition for the sake of convenience
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Springer also argues that the Appeals Council's failure to remand to the ALJ should be treated as evidence that it considered the record complete. Springer relies on Ramirez v. Shalala, 8 F.3d 1449 (9th Cir.1993), to support this proposition. However, in Ramirez the Ninth Circuit merely agreed with the Appeals Council that the record was in fact complete. Ramirez, 8 F.3d at 1455
 
 
 [2]
 Dr. Ozwoeld testified as follows:
 Dr.: I have a concern as to whether I need to consider the effects of the personality disorder as separate and distinct from the effects of the borderline intellectual functioning.
 ALJ: Um-hum.
 Dr.: Because I would attribute the difficulties in maintaining social functioning to the personality disorder, not to the borderline intellectual functioning.
 ALJ: Um-hum.
 Dr.: Now, in combination, you know, if I can consider them together then I would be inclined to say that, yes, it probably would equal--
 ALJ: Um-hum.
 Dr.: --the listings under 12.05