**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENEE ELIZABETH AGNEW-CURRIE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CAROLYN W. COLVIN, Commissioner of Social Security Administration, <br><br> Defendant - Appellee. | No. 12-16723 <br><br> D.C. No. 2:11-cv-01953-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Argued and Submitted June 11, 2014
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

Claimant Renee Elizabeth Agnew-Currie appeals the district court's order remanding this case pursuant to sentence four of 42 U.S.C. § 405(g) for the administrative law judge ("ALJ") to reconsider all evidence in this case. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The government argues that we must accept the ALJ's adverse credibility determination for purposes of this appeal. Although we doubt that our review is so constrained, we need not decide the issue here because we reach the same conclusion either way. Assuming that we have the authority to review the ALJ's adverse credibility determination, substantial evidence supports that determination because the ALJ provided "specific, clear and convincing reasons." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (internal quotation marks omitted).

2. As the government conceded in its motion to remand for good cause, the ALJ failed to provide sufficient reasons for rejecting the medical opinions of Dr. Mildred DeJesus, Dr. Teresa Lanier, Nurse Lois Henderson, and Dr. Howard Mason. Because those opinions may have depended, in whole or in part, on Claimant's self-reported symptoms, we affirm the district court's decision to remand this case for further proceedings. See McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) ("There may be evidence in the record to which the Secretary can point to provide the requisite specific and legitimate reasons for disregarding the testimony of [the claimant's] treating physician. Then again, there may not be. In any event, the Secretary is in a better position than this court to perform this task.").

**AFFIRMED.**

2